LAW OFFICES
## McMahon and Grow
301 NORTH WASHINGTON STREET
P. O. BOX 4350
ROME, NEW YORK 13442-4350

TELEPHONE (315) 336-4700
FAX (315) 336-5851
www.mgglaw.com

DAVID C. GROW
JULIE GROW DENTON

JOHNSON D. McMAHON  1918-1963
ABRAHAM H. BAKER  1934-1995

OF COUNSEL
GEORGE B. GROW
RICHARD H. McMAHON
RICHARD D. SIMONS

July 25, 2007

Hon. William H. Pauley, III
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

MEMO ENDORSED

JUL 27 2007
CHAMBERS OF
WILLIAM H. PAULEY

Re:   Halbritter v. Stonehedge Acquisition Rome II, LLC
      Case No. 07-CV-3848 (WHP)

Dear Judge Pauley:

I am writing this letter pursuant to the individual practices of your chamber as found on the website for the Southern District of New York (SDNY).

The above-referenced diversity jurisdiction litigation was commenced in May 2007. I represent the named defendants, Stonehedge Acquisition Rome II, LLC and Stonehedge Acquisition Chittenango II, LLC. As you will note from my office letterhead, I am physically located in Rome, New York, which is in Oneida County (about one hour northeast of Syracuse). I came to represent these entities through other work that is centered here. When the instant lawsuit was filed, the companies were originally planning to hire counsel local to New York City. They have since reconsidered this decision and asked me to appear on their behalf.

So that I may be admitted to practice in the SDNY, Plaintiff has agreed to extend the deadline to August 15, 2007 for purposes of filing an answer or otherwise moving with respect to the complaint. In exchange, I have provided Plaintiff's counsel with a copy of the (unfiled) papers I prepared for a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(3) (improper venue). Meanwhile, Plaintiff's counsel forwarded to me a copy of the Order for Initial Pretrial Conference, which sets a conference date of August 17, 2007. This chain of events has prompted the following questions.

I presume, but am not certain, that I must be admitted to practice before I can attend the Initial Pretrial Conference. Is this presumption correct? If so, and to give the Court an idea of my progress on this issue, last week I received my certificate of good standing from the Supreme Court of the State of New York, Appellate Division, Fourth Department. Just today I received my certificate of good standing from the Massachusetts Supreme Judicial Court. At this point I am ready to submit the necessary paperwork to the SDNY Clerk's Office.

## McMahon and Grow

I am also scheduled to be away with my family the week of August 13, 2007 for a vacation planned a year in advance. While I think I could make myself available on August 17, 2007, Plaintiff's counsel has graciously agreed to an adjournment if the Court were also agreeable. Plaintiff's counsel and I are able to attend a conference on the following Fridays: August 24, 2007; September 14, 2007; and September 21, 2007. If further dates are needed into October, please advise. A conference in the morning would be best for me so that I may take the train back to Rome in the afternoon.

I have also noticed, from reading the individual practices of your chambers, that the Court requires pre-motion conferences in civil cases. From what I gather, the proposed motion to dismiss would fall into this category. Would it be best to ask that the Initial Pretrial Conference include discussion of the proposed motion? If so, I will submit under separate cover the introductory letter described in your chambers' individual practices.

I apologize that I am unfamiliar with the process of having pre-motion conferences. I clerked for former Chief Judge Scullin of the Northern District of New York, and that Court requires such conferences before a magistrate judge only when a non-dispositive motion is being considered. How does the timing of the conference relate to the deadline by which I have to file an answer or a motion under Rule 12(b)? Will the parties need to consent to an extension of the deadline, or do I file the motion and then withdraw if the conference resolves the issues?

Your chambers' assistance with these matters is much appreciated. I forwarded a copy of this letter to Plaintiff's counsel, Louis A. Craco, Jr., Esq., prior to submitting it to the Court, and he indicated his consent to the extension. I am also providing him with a signed copy, as indicated by the notation below.

Thank you again for addressing these questions.

Sincerely yours,

Julie Grow Denton

cc:   Louis A. Craco, Jr., Esq.

*The initial pre-trial conference is adjourned to 9/12/07 at 11:15 a.m. If counsel wish to move to dismiss, they are directed to submit a request for a pre-motion conference in accord with this Court's Individual Practices. The deadline for Defendant to Answer or move against the Complaint is adjourned to 9/26/07.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

8/3/07