LAW OFFICES

# McMahon and Grow

301 NORTH WASHINGTON STREET

P. O. BOX 4350

ROME, NEW YORK 13442-4350

TELEPHONE (315) 336-4700
FAX (315) 336-5851
www.mgglaw.com

DAVID C. GROW
JULIE GROW DENTON

JOHNSON D. McMAHON 1914-1963
ABRAHAM H. BAKER 1934-1995

OF COUNSEL
GEORGE B. GROW
RICHARD H. McMAHON
RICHARD D. SIMONS

August 24, 2007

Hon. William H. Pauley, III
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

**Re:   Halbritter v. Stonehedge Acquisition Rome II, LLC**
      **Case No. 07-CV-3848 (WHP)**

Dear Judge Pauley:

As you may recall, our office represents the Defendants in the above-captioned case. Pursuant to the individual practices of your chambers, I am writing to request that a Pre-Motion Conference be scheduled simultaneously with the Initial Pretrial Conference scheduled for September 12, 2007.

The case centers around two contracts entered into by the parties as part of a capital stock purchase involving corporations owned by Plaintiff and her brother, Marc Rossi. The corporations operated two skilled nursing home facilities in Upstate New York. Plaintiff Jane Halbritter filed a Complaint against Defendants Stonehedge Acquisition Rome II, LLC and Stonehedge Acquisition Chittenango II, LLC alleging two causes of action for breach of contract, one cause of action for unjust enrichment and one cause of action for an accounting. Plaintiff seeks jurisdiction in federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), and venue in the Southern District of New York, pursuant to 28 U.S.C. § 1391. In lieu of serving an answer, Defendants anticipate filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(3) (improper venue).

**Lack of Subject Matter Jurisdiction**

The contracts that form the basis for this lawsuit were entered into by Plaintiff, her brother, and Defendants. Plaintiff claims to be a resident of Florida, and Defendants are New York limited liability companies. According to the complaint, Plaintiff is bringing this action to enforce the contractual rights individually and as assignee of her brother's claims. Upon information and belief, Marc Rossi is a resident of New York, as evidenced by the address he provided in the contracts with Defendants.

The complaint is void of any explanation as to why the assignment of rights occurred. Where diversity jurisdiction is created following the assignment of claims, careful scrutiny is applied so that ordinary tort and contract litigation is not inappropriately brought into federal court. Airlines Reporting Corp. v. S and N Travel, Inc., 58 F.3d 857, 861-62 (2d Cir. 1995). Moreover, where parties are closely related, a presumption of collusion is triggered. Id. at 862-63; Prudential Oil Corp. v. Phillips Petroleum Co., 546 F.2d 469, 476 (2d Cir. 1976). "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359.

The ultimate burden to prove diversity jurisdiction always rests with the plaintiff. Prudential Oil Corp., 546 F.2d at 476 n.2. A presumption of collusion intensifies the scrutiny given to the purpose underlying the assignment. Falow v. Cucci, 2003 WL 22999458 (S.D.N.Y. Dec. 19, 2003). In such instance, the plaintiff must show the assignment of claims was for a legitimate purpose and would have been made absent the need for federal litigation. Airlines Reporting Corp., 58 F.3d at 863; Prudential Oil Corp., 546 F.2d at 476.

No such information is set forth in the complaint, and Defendants therefore maintain Plaintiff has not met her burden of proof. Without the assignment, no diversity jurisdiction would exist because Marc Rossi and Defendants are residents of the same state. Defendants' anticipated motion to dismiss is appropriate even though Plaintiff has asserted claims in her own right. See Kades v. Organic Inc., 2003 WL 470331 at *6 (S.D.N.Y. Feb. 24, 2003).

**Improper Venue**

In a diversity case, venue lies in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject matter of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Defendants' motion would set forth why none of these bases for venue is satisfied.

First, with respect to where a defendant resides, a definition is provided in 28 U.S.C. § 1391(c). The analysis would turn on whether Defendants in this case have sufficient contacts with the Southern District of New York to subject them to personal jurisdiction here. Since Stonehedge Acquisition Rome II, LLC designated Oneida County in its Articles of Organization, and

McMahon and Grow

Stonehedge Acquisition Chittenango II, LLC designated Madison County in its Articles of Organization, both companies would be considered residents of the Northern District of New York. See Hamilton v. Corona Ready Mix, Inc., 21 A.D.2d 448, 449 (2d Dept. 2005). State law would then determine whether Defendants have had sufficient contacts with the Southern District of New York to consider them a resident of this district. See Horizon Marketing v. Kingdom Int'l Ltd., 244 F. Supp. 2d 131, 138 (E.D.N.Y. 2003) (citing PDK Labs, Inc., v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997)). Under N.Y. C.P.L.R. § 301, a foreign corporation is subject to jurisdiction if it is "doing business" within the state. See Landoil Resources Corp. v. Alexander & Alexander Servs., 918 F.2d 1039, 1043 (2d Cir. 1991). "Doing business" means engaging in continuous, permanent and substantial activity, as opposed to having an occasional or casual presence. Id. Defendants' motion would show that their main business activities in operating the nursing homes are conducted within the Northern District of New York (e.g., patient population, advertising and outreach efforts, primary business location, and location of main offices). Although the Stock Purchase Agreements were signed and closed in the Southern District of New York, Defendants maintain these limited activities are insufficient to subject them to personal jurisdiction here.

Second, with respect to where the events occurred that give rise to Plaintiff's claims, Defendants assert that the causes of action all relate to activities, documents and accounts that occurred or are maintained in the Northern District of New York. The act of closing on the contracts in the Southern District of New York was simply ministerial, having taken place in Manhattan because Plaintiff's attorneys were located there.

Third, Defendants conclude that because the Northern District of New York would be the only appropriate venue if in fact diversity jurisdiction were to exist, the alternative provided by 28 U.S.C. § 1391(a)(3) is not invoked.

Defendants welcome the opportunity to discuss this matter further with the Court at a pre-motion conference. If the Court requires additional information relative to the issues raised in this letter, please advise. In the meantime, we will await response from Plaintiff's counsel and directive from the Court.

Thank you in advance for your attention and your courtesies.

Sincerely yours,

Julie Grow Denton
SDNY Bar Roll No. JD8580

cc:   Louis A. Craco, Jr.

3