Louis A. Craco, Jr. (LC-9786)
Allegaert Berger & Vogel LLP
111 Broadway, 20[h] Floor
New York, New York 10006
(212) 571-0550
Attorneys for Plaintiff

Julie Grow Denton (JD-8580)
McMahon & Grow
301 North Washington Street
P.O. Box 4350
Rome, New York 13442-4350
Attorneys for Defendants

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           )
JANE A. HALBRITTER,                                        )
                                                           )    07 Civ. 3848 (WHP)
                    Plaintiff,                             )
                                                           )
            -- against --                                  )
                                                           )    **DISCOVERY PLAN**
STONEHEDGE ACQUISITION ROME II, LLC                        )
and STONEHEDGE ACQUISITION                                 )
CHITTENANGO II, LLC,                                       )
                                                           )
                    Defendants.                            )
                                                           )
-----------------------------------------------------------X

    Pursuant to this Court's Order for Initial Pretrial Conference of July 12, 2007, counsel for the parties, having conferred pursuant to Fed. R. Civ. P. 26(f), submit the following proposed discovery plan.

    Defendants intend to move to dismiss the action and this Court has previously ordered that motion to be filed on or by September 26, 2007. The following discovery plan assumes the motion will be denied and refers to discovery time frames in terms of the number of days after joinder of issue.

(1). Counsel agree that the Rule 26(a)(1) disclosures should be made within 14 days after joinder of issue and see no need for any change to the timing, form or other requirements of Rule 26(a).

(2) The parties presently expect discovery to concern the operations of the Acquired Corporations prior to closing of the subject transactions; the communications and dealings between and among the parties and their representatives during the negotiation of the Stock Purchase Agreements, and between the contract date of approximately August 2004 and the closing on or around January 3, 2006; the circumstances giving rise to the "Receivables Agreement"; the circumstances surrounding plaintiff's placing funds in the Acquired Corporations' payroll accounts on or around January 5, 2006; the parties' actions since the closing, including but not limited to their actions with respect to the Receivables Agreement; and defendants' efforts to collect receivables since the closing. The parties do not believe that discovery should be conducted in phases or focused on particular issues. The parties expect that discovery should be completed within 180 days after joinder of issue (which includes sixty days for the exchange of interrogatory responses and documents; ninety days for the taking of depositions, of which the parties presently anticipate there will be 20 to 25; and a 30 day "clean-up" period).

(3) Counsel are not presently aware of any reason to expect that this case will present any unusual issues related to electronic discovery.

(4) Because this case arises from the transfer of ownership of two skilled residential nursing facilities, and has to do, among other things, with the accounts

receivable of those facilities, counsel anticipate that a good deal of information may be sought in discovery which may be covered by HIPPA or otherwise implicate patient confidentiality. Counsel agree that an appropriate procedure should be put in place to facilitate the production of such information while at the same time complying with all relevant laws and protecting patient confidentiality. Should this Court deny defendants' motion, counsel will confer and attempt to agree upon a stipulated procedure to accomplish that, which we will submit to the Court to be so ordered.

(5) Counsel do not believe any changes should be made in the limitations on discovery imposed by the federal rules or local rules, or that any other limitations should be applied. We anticipate that some of the depositions will require more than seven hours to conclude, but expect to be able to stipulate in that regard as authorized by Fed. R. Civ. P. 30(d)(2).

(6) Counsel do not presently believe any other orders should be entered pursuant to Fed. R. Civ. P. 26(c) or 16(b) or (c).

Dated: September 5, 2007

_____
Louis A. Craco, Jr. (LC-9786)
Attorney for Plaintiff

_____
Julie Grow Denton (JD-8580)
Attorney for Defendants