**ABV** Allegaert Berger & Vogel LLP

Writer's email: lcraco@abv.com

111 Broadway, 20th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

475 Wall Street
Princeton, New Jersey 08540
609.688.9700
609.688.9701 Fax

www.ABV.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/07

October 11, 2007

**VIA FACSIMILE**

The Hon. William H. Pauley, III
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

*Application granted. The time to respond to all counterclaims is adjourned pending a pre-motion conference, which will be held on 11/2/07 at 11:30 a.m.*

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
10/23/07

Halbritter v. Stonehedge Acquisition Rome II, LLC, 07 Civ. 3848 (WHP)

Dear Judge Pauley:

      This firm is counsel to plaintiff Jane A. Halbritter. I write, as directed by your law clerk, Dan, to request (i) a pre-motion conference regarding plaintiff's proposed motion to dismiss all of defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) an adjournment, pending that conference, of plaintiff's time to make that motion or to reply. The reply is currently due on Monday, October 15.

### Bases for the Proposed Motion

      As your Honor will recall, plaintiff seeks to recover for breaches of various agreements pursuant to which she and her brother sold all the capital stock of four corporations that operated two nursing homes upstate. The agreements are attached to and incorporated in the complaint. Defendants' answer alleges that, after the closing, they discovered that the acquired corporations had liabilities of which defendants were previously unaware. Defendants have asserted eight counterclaims, each of which identifies a different alleged corporate liability, and seeks recovery pursuant to the Sellers' Indemnification provisions of the Stock Purchase Agreements.

      Those provisions, however, quite specifically condition the Sellers' indemnification obligations on their receipt from defendants of notice as to any liability for which indemnification is sought. The contracts spell out, in considerable detail, what the

**ABV** Allegaert Berger & Vogel LLP

The Hon. William H. Pauley, III
October 11, 2007
Page 2

substance of those notices must be; the time within which they must be given; the manner in which they must be sent; and the persons to whom, and addresses at which, they must be delivered. The contracts clearly and repeatedly state that the Sellers will have no obligation to indemnify defendants unless notice of the asserted liability is given in conformity with the contracts' requirements.

Defendants admit in their pleading that they never provided any such notice to the Sellers with respect to any of the liabilities for which they now seek indemnification in the counterclaims. This admitted fact, by itself, cuts off any right to recovery as a matter of law. Defendants attempt to get around this problem by contending that Sellers engaged, after the closing, in communications with defendants that did not conform to, and therefore effectively waived, the notice requirements. This argument is both legally irrelevant, because the Stock Purchase Agreements contain explicit non-waiver provisions, and factually misguided, because the post-closing communications to which defendants refer were simply not of the kind to which any notice provisions applied.

Wholly apart from the notice issue, six of the eight counterclaims are also facially invalid for other reasons. To summarize very briefly:

* The First Counterclaim seeks to recover $234,933.92 that the acquired corporations are supposedly obliged to repay to Medicaid (for earlier over-reimbursements). The Stock Purchase Agreements limit the Sellers' indemnification obligation to Medicaid liabilities arising in the three years prior to the closing. The counterclaim fails, however, to allege that any part of this supposed liability to Medicaid arose during that time. Additionally, the contracts only require the Sellers to indemnify defendants for repayments to Medicaid to the extent such repayments exceed $100,000. Thus, even if the Sellers were obliged to indemnify defendants for this liability, that obligation would, as a matter of law, be capped at $134,933.92, at most.

* The Second Counterclaim seeks to recover for certain employee compensation accruals. The Stock Purchase Agreements limit the Sellers' obligation to indemnify defendants for such accruals to those which have not "been reserved for or reflected on the Closing Date Balance or otherwise taken into account" as a closing adjustment. The employee accruals at issue clearly were taken into account as a closing adjustment, a fact reflected on the closing statement, which is attached to and incorporated in the complaint.

**ABV Allegaert Berger & Vogel LLP**

The Hon. William H. Pauley, III
October 11, 2007
Page 3

    \*    The Fourth, Fifth and Sixth Counterclaims seek to recover penalties and professional fees incurred as a result of defendants' failure to cause the acquired corporations to make various tax or regulatory filings in a timely fashion weeks or months *after the closing*. The responsibility to see to timely corporate filings, of course, passed to Sellers at the closing and there is, unsurprisingly, nothing in the contracts that imposes any liability upon the Sellers for defendants' failure in that regard.

Early dismissal of these patently meritless counterclaims would greatly streamline discovery and, by clarifying the parties' litigation prospects and risks, probably enhance the prospects for settlement.

We appreciate your consideration of this application.

Respectfully,

Louis A. Craco, Jr.

cc (via facsimile):    Julie Grow Denton, Esq.

**ABV** Allegaert Berger & Vogel LLP

e-mail: firm@abv.com

ATTORNEYS

111 Broadway, 18th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

475 Wall Street
Princeton, New Jersey 08540
609.688.9700
609.688.9701 Fax

www.ABV.com

# FACSIMILE COVER SHEET

NUMBER TRANSMITTED TO:   212.805.6390

To:  The Honorable William H. Pauley, III
Of:  United States District Court
     Southern District of New York

NUMBER TRANSMITTED TO:   315.336.5851

To:  Julie Grow Denton, Esq.
Of:  McMahon and Grow

From:           Louis A. Craco, Jr.
Client/Matter:  03501
Date:           October 11, 2007

NUMBER OF PAGES*:   4

COMMENTS:

The information contained in this facsimile message is confidential and may be protected from disclosure by the attorney-client and/or the work product privileges. This transmission and the information contained herein is intended only for the use of the individual(s) named above and any privileges from disclosure are not waived by virtue of this message having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible for delivering this transmission to the named recipient(s), any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

* INCLUDING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (212) 571-0550.