Robert L. Rimberg (RLR 2453)
Joel S. Schneck (JSS7019)
GOLDBERG RIMBERG
& FRIEDLANDER, PLLC
115 Broadway, 3rd Floor
New York, NY 10006
(212) 697-3250
Attorneys for Defendants
Stonehedge Acquisition Rome II, LLC
and Stonehedge Acquisition Chittenango II, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE A. HALBRITTER,

                Plaintiff,

-AGAINST-

STONEHEDGE ACQUISITION ROME II LLC and
STONEHEDGE ACQUISITION CHITTENANGO
II, LLC,

                Defendants.

07 Civ. 3848 (WHP)

**DECLARATION OF JOEL S. SCHNECK IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR
A LACK OF SUBJECT MATTER JURISDICTION**

JOEL S. SCHNECK, an attorney admitted to practice before this Court declares:

1.    I am a member of Goldberg Rimberg & Friedlander, PLLC, co-counsel to defendants Stonehedge Acquisition Rome II LLC and Stonehedge Acquisition Chittenango II, LLC (collectively referred to as "Stonehedge" or "Defendants"). I submit this declaration in support of Defendants motion to dismiss for a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) and 28 U.S.C. § 1359.

2.    From approximately 1994 until January 3, 2006, the plaintiff, Jane A. Halbritter ("Halbritter" or the "Plaintiff") and her brother, Marc Rossi each owned 50% of the Capital Stock of each of four corporations (i) Stonehedge Nursing Home Rome, Inc.,

("Rome Nursing") which was the licensed operator of, and owned all the tangible and intangible personal property used in the operation of, an160-bed skilled nursing facility in Rome, New York; (ii) Stonehedge Realty Rome, Inc., ("Rome Realty") which owned the real property on which the Rome Nursing home was situated; (iii) Stonehedge Nursing Home Chittenango, Inc., (Chittenango Nursing") which was the licensed operator of, and owned all the tangible and intangible personal property used in the operation of an 80-bed skilled nursing facility in Chittenango, New York; and (iv) Stonehedge Realty Chittenango, Inc., ("Chittenango Realty") which owned the real property on which the Chittenango nursing facility was situated.

3. In and around August 2004 Jane Halbritter entered into two Stock Purchase Agreements ("SPA"). One of these (the "Rome SPA") was entered into by defendant Stonehedge Acquisition Rome II, LLC and Rome Nursing and Rome Acquisition (Annexed hereto as Exhibit "A") and the other was between defendant Stonehedge Acquisition Chittenango II, LLC and Chittenango Nursing and Chittenango Realty (Annexed hereto as Exhibit "B"). The closing and transfer of ownership took place as of January 3, 2006. At the closing the parties executed a document that was titled a "Receivables Agreement" (Annexed hereto as Exhibit "C") that discussed a closing adjustment that reduced the purchase price for the facilities.

4. The Plaintiff Halbritter commenced the instant action with the filing of a Summons and Complaint in this Court on May 18, 2007. A copy of the Complaint is annexed hereto as Exhibit "D". The causes of action include breach of the SPA

for both facilities, breach of the Receivables Agreement, unjust enrichment and for an accounting.

5. As discussed more thoroughly in the accompanying Memorandum of Law, the Plaintiff, at the time that the instant lawsuit was initiated, was (and continues to be) a New York State domiciliary, and thus, she may not invoke the diversity of citizenship jurisdiction of this Court pursuant to 28 U.S.C. §1332.

6. Moreover, realizing that she was about to enter litigation and to try to ensure that she could invoke this Court's diversity jurisdiction, plaintiff, her brother Marc Rossi (a New York State domiciliary and 50% partner in the contracts at issue in this case) and her lawyers, improperly arranged for an assignment (annexed hereto as Exhibit "R") of Marc Rossi's interest in the underlying agreements in order to manufacture diversity jurisdiction based upon plaintiff' unsuccessful attempts to change her domicile to Florida.

7. As set forth in the accompanying memorandum of law, defendants maintain that plaintiff was a New York State domiciliary at the time that this lawsuit was filed and that this Court has no subject matter jurisdiction.

8. Defendants contend further that in order manufacture diversity jurisdiction, and only 34 days before the complaint in this case was filed, plaintiff and her attorneys arranged for plaintiff's brother, Marc Rossi, a New York domiciliary, to assign his interest in the SPA's and the Receivables agreement to plaintiff for purposes of initiating the instant litigation. (Exhibit "E" at p. 100.)

9. Because plaintiff was a New York domiciliary at the time of the filing of this lawsuit and because she arranged for an assignment for purposes of pursuing litigation

3

arising out of her interests and her brother's interests in the SPA's and receivables agreements there can be no diversity jurisdiction in this case.

10. As set forth in the accompanying memorandum of law, at plaintiff's deposition on the issue of jurisdiction, it became clear that plaintiff remains a New York domiciliary. See, generally Exhibit E.

11. Among other things, the deposition revealed that the Plaintiff maintains a New York address where she resides when in Rome, NY, that at the time of the filing of the instant lawsuit she had only a New York State Driver's license, that her motor vehicles were all registered in the State of New York, that she utilizes a New York State Banking institution for her banking needs, that she owns several New York State businesses for which she still receives their correspondence in the State of New York and that she sits on the Board of Commissioners of the New York State Insurance Fund, a Gubernatorial appointment that by law requires that plaintiff maintain a New York domicile. See Exhibit "E".

12. With respect to the Assignment from Marc Rossi to plaintiff, that assignment was actually prohibited by the express terms of the Receivables Agreement that plaintiff is seeking to recover under. See Exhibit C. Specifically, Paragraph 13 of the Receivables Agreement at issue in this case states:

> 13. <u>Assignment.</u> The rights, interests, of the parties may not be sold, transferred, assigned, pledged, encumbered or hypothecated by them, unless expressly permitted in writing by the other party, which permission may be withheld for any or no reason.

Thus, the Assignment in this case was prohibited by the very same Receivables Agreement plaintiff is seeking to enforce. The Plaintiff should not be permitted to sue in

4

federal court based upon an assignment that was prohibited by the very agreement she claims is being breached.

13. The evidence adduced at the deposition and the exhibits annexed hereto demonstrate that the real parties at interest on the plaintiff's side are Jane Halbritter and Marc Rossi, who are bother and sister, who were 50% partners in SPA's and the receivables agreement at issue in this case.

14. The Assignment, by its own terms, states the assignment was being executed because it was believed that there was a breach of SPA and the Receivables agreement which caused the buyers to be unjustly enriched. The Assignment states further that it was being executed because:

> the buyers have declined to cure their breaches of the SPA's and Receivables agreement and have refused to take other steps necessary to make Jane and Marc whole, **with the result that Jane now contemplates the institution of civil legal proceedings to remedy injuries caused by the Buyers conduct.**

Exhibit "R". Thus, it is clear that the Assignment was specifically executed for purposes of the instant litigation.

15. A copy of the transcript from the December 20, 2007 limited deposition of the plaintiff, Jane A. Halbritter ("Ms. Halbritter" or the "Plaintiff") is annexed hereto as Exhibit "E".

16. A copy of documents which indicate that Plaintiff pays certain utility bills out of Rome, New York is annexed hereto as Exhibit "F".

17. A copy of documents indicating that until the summer of 2007 Plaintiff maintained an apartment in Boston, Mass is annexed hereto as Exhibit "G".

18. A copy of Plaintiff's Florida Driver's License is annexed hereto as Exhibit "H".

19. A copy of Plaintiff's New York Driver's Abstracted reflects that Plaintiff had and still has a New York Drivers license, is annexed hereto as Exhibit "I".

20. Copies of documents which show that Plaintiff maintains a New York State Golf Club membership at the Teugega Country Club in Rome, NY are annexed hereto as Exhibit "J".

21. Copies of documents which show that Plaintiff uses only New York State based accountants are annexed hereto as Exhibit "K".

22. Copies of documents which show that Plaintiff uses a New York State Insurance broker for most of her insurance needs are annexed hereto as Exhibit "L".

23. Copies of documents which show that the tax bills for corporations owned by the Plaintiff are sent to her New York address are annexed hereto as Exhibit "M".

24. Copies of invoices from the Plaintiff's attorneys, including her counsel in this case, sent their bills to her New York address are annexed hereto as Exhibit "N".

25. A copy of documents from Travelers Group which indicate that the Plaintiff changed her address with respect to her car insurance **effective November 16, 2007**, is annexed hereto as Exhibit "O".

26. A copy of Plaintiff's sworn Statement of Net Worth pursuant to NY DRL § 236, stating that **as of April 1, 2007,** her "present address" was 100 West Garden Street, Rome, New York is annexed hereto as Exhibit "P".

27. A copy of the printout from the website for Board of Commissioners of the New York State Insurance Fund which shows that Plaintiff is a member is annexed hereto as Exhibit "Q".[1]

28. A copy of the April 12, 2007 Assignment of Interest in Legal Claims (the "Assignment") is annexed hereto as Exhibit "R".

29. Further, by the terms of the assignment, Jane and Marc are to share equally in the recovery of any net proceeds of the litigation minus expenses. (Exhibit "R")

30. In light of all of the above and for the reasons states in the accompanying Memorandum of Law, there is no subject matter jurisdiction in this case, and accordingly, the complaint must be dismissed.

     WHEREFORE defendants pray for an Order dismissing the complaint herein for a lack of subject matter jurisdiction.

Dated: New York, New York
        January 4, 2008

                                      Joel S. Schneck (JSS7019)

                                      GOLDBERG RIMBERG
                                      & FRIEDLANDER, PLLC
                                      Attorneys for Defendants
                                      Stonehedge
                                      Acquisition Rome II, LLC and
                                      Stonehedge Acquisition Chittenango
                                      II, LLC
                                      115 Broadway, 3rd Floor
                                      New York, NY 10006
                                      (212) 697-3250

---

[1] Plaintiff also continues to serve as a member of a New York based "think tank" called the Rockford Institute, but denies any active participation. See Exhibit "E", at pp. 48-50.