Case 1:07-cv-03848-WHP    Document 19-24    Filed 01/07/2008    Page 1 of 3

**EXHIBIT - R**

## ASSIGNMENT OF INTEREST IN LEGAL CLAIMS

THIS ASSIGNMENT OF INTEREST IN LEGAL CLAIMS (hereinafter referred to as this "Assignment") is made and entered into this 12 of April 2007, by and between Marc A. Rossi ("Marc") and Jane A. Halbritter ("Jane").

WHEREAS, Marc and Jane are siblings who, from 1994 through the end of 2005, each owned 50% of the capital stock of four corporations: (i) Stonehedge Nursing Rome, Inc., which was the licensed operator of, and owned the all the tangible and intangible personal property used in the operation of, and provision of patient care services by, a 160-bed skilled nursing facility in Rome, New York; (ii) Stonehedge Realty Rome, Inc., which owned the real property on which the Rome nursing facility was situated; (iii) Stonehedge Nursing Home Chittenango, Inc., which was the licensed operator of, and owned all the tangible and intangible personal property used in the operation of, and provision of patient care services by, an 80-bed skilled nursing facility in Chittenango, New York; and (iv) Stonehedge Realty Chittenango, Inc., which owned the real property on which the Chittenango nursing facility was situated. (These four companies are referred to collectively herein as the "Corporations");

WHEREAS, on or about January 3, 2006, Marc and Jane sold and transferred their entire capital stock interests in the Corporations to Stonehedge Acquisition Rome II, LLC and Stonehedge Acquisition Chittenango II, LLC (the "Buyers") pursuant to stock purchase agreements (the "SPAs") executed in August 2004;

WHEREAS, in connection with the above-referenced stock sale, Marc and Jane entered into a Receivables Agreement with the Buyers pursuant to which Marc and Jane acquired certain rights in, and the Buyers assumed certain obligations with respect to, selected accounts receivable owned by the Corporations at the time of the stock sale;

WHEREAS, Jane believes that, subsequent to the above-referenced stock sale, the Buyers breached the SPAs and the Receivables Agreement, and engaged in other conduct by which they were unjustly enriched;

WHEREAS, the Buyers have declined to cure their breaches of the SPAs and Receivables Agreement and have refused to take other steps necessary to make Jane and Marc whole, with the result that Jane now contemplates the institution of civil legal proceedings to remedy injuries caused by the Buyers' conduct;

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. *Assignment of Rights*. Marc hereby assigns, transfers and conveys to Jane all of his right, title and interest in the SPAs and the Receivables Agreement, including but not limited to, any and all claims or causes of action that he may now have, or that he may acquire


DEFENDANT'S EXHIBIT
12/20/07    B

in the future, against the Buyers where such claims or causes of action arise from or are related to the SPAs and/or the Receivables Agreement. In making this assignment to Jane, Marc hereby expressly acknowledges that he is waiving his right to proceed against the Buyers with respect to the SPAs and the Receivables Agreement and that he is delegating to Jane the authority to prosecute all such claims and causes of actions, if at all, in such manner and at such time as she deems appropriate.

2. *Division and Distribution of Net Proceeds.* In exchange for the assignment set forth in paragraph 1, above, Jane hereby agrees to share equally with Marc the net proceeds of any judgment or settlement proceeds she collects as a result of any prosecution of the claims against the Buyers arising out of the SPAs and/or the Receivables Agreement. No settlement proceeds or litigation recovery, however, will be divided between Jane and Marc until Jane has first recovered all legal and other expenses she has incurred, and may incur in the future, as a result of the prosecution of the claims against the Buyers. In the event the settlement proceeds or amounts recovered in litigation are less than the total expenses incurred by Jane, she shall be permitted to retain all amounts recovered from the Buyers, but Marc shall have no obligation to reimburse or compensate her for the difference.

3. *Miscellaneous.*

(a) Every covenant, term and provision of this Assignment shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors, transferees and assigns.

(b) Each party, upon the request of the other party, agrees to perform such further acts and execute, acknowledge and deliver such documents as may be reasonably necessary, appropriate or desirable to carry out the provisions of this Assignment.

(c) The laws of the State of Florida shall govern this Assignment and the construction of its terms, without giving effect to the principles of choice of law

(d) This Assignment may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.

IN WITNESS WHEREOF, Marc and Jane have executed this Assignment the day and year first above written.

_____
MARC A. ROSSI

_____
JANE A. HALBRITTER