EXHIBIT "E"

State of New York

## STATE ETHICS COMMISSION

○ 540 Broadway ○ Albany, NY 12207 ○ Albany, NY 12207-2717

## Annual Statement of Financial Disclosure: For calendar year 2006

| 1. Name (Last) | (First) | (MI) | (Suffix) |
|---|---|---|---|
| HALBRITTER | JANE | A | |

| 2. (a) TITLE OF POSITION | (b) DEPARTMENT, AGENCY OR OTHER GOVERNMENTAL ENTITY |
|---|---|
| Member | State Insurance Fund |

| (c) ADDRESS OF PRESENT OFFICE | (d) OFFICE TELEPHONE NUMBER |
|---|---|
| 100 West Garden Street Rome, New York 13440 | 315-271-8734 |

| 3. (a) MARITAL STATUS | IF MARRIED, PLEASE GIVE SPOUSE'S NAME (including maiden name where applicable) |
|---|---|
| Separated | Arthur R Halbritter |

(b) LIST THE NAMES OF ALL UNEMANCIPATED CHILDREN

Answer each of the following questions completely, with respect to calendar year 2006, unless another period or date is otherwise specified. If additional space is needed, attach additional pages.

Whenever a "value" or "amount" is required to be reported herein, such value or amount shall be reported as being within one of the following Categories: Category A - under $5,000; Category B - $5,000 to under $20,000; Category C - $20,000 to under $60,000; Category D - $60,000 to under $100,000; Category E - $100,000 to under $250,000; and Category F - $250,000 or over. A reporting individual shall indicate the Category by letter only. Categories are not subject to public inspection.

4. (a) List any office, trusteeship, directorship, partnership, or position of any nature, whether compensated or not, held by the reporting individual with any firm, corporation, association, partnership, or other organization other than the State of New York. Include compensated honorary positions; do NOT list membership or uncompensated honorary positions. If the listed entity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before any state or local agency, list the name of any such agency.

☐ NONE

| POSITION | ORGANIZATION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|
| DIRECTOR | JAMES STREET MANAGEMENT, INC. | NONE |
| DIRECTOR | WHITE BIRCH POINTE, LLC | NONE |
| DIRECTOR | WHITE BIRCH LANDING, LLC | NONE |
| DIRECTOR | GEORGE A. ROSSI CONSTRUCTION CO | NONE |
| DIRECTOR | ROSSI OPERATING CORP | NONE |
| DIRECTOR | TUXEDO MOBILE HOMES, INC. | NONE |
| DIRECTOR | UNIVERSAL LINEN SERVICE CO. INC. | NONE |
| DIRECTOR | UNIVERSAL GRAVEL, INC | NONE |

4. (b) List any office, trusteeship, directorship, partnership, or position of any nature, whether compensated or not, held by the spouse or unemancipated child of the reporting individual, with any firm, corporation, association, partnership, or other organization other than the State of New York. Include compensated honorary positions; do NOT list membership or uncompensated honorary positions. If the listed entity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name of any such agency.

☑ NONE

| POSITION | ORGANIZATION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|

5. (a) List the name, address and description of any occupation, employment (other than the employment listed under Item 2 above), trade, business or profession engaged in by the reporting individual. If such activity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name of the agency.

☑ NONE

| POSITION | NAME AND ADDRESS OF ORGANIZATION | DESCRIPTION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|---|

5. (b) If the spouse or unemancipated child of the reporting individual was engaged in any occupation, employment, trade, business or profession which activity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name, address and description of such occupation, employment, trade, business or profession and the name of any such agency.

☑ NONE

| POSITION | NAME AND ADDRESS OF ORGANIZATION | DESCRIPTION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|---|

6 List any interest, in EXCESS of $1,000, held by the reporting individual, such individual's spouse or unemancipated child, or partnership of which any such person is a member, or corporation, 10% or more of the stock of which is owned or controlled by any such person, whether vested or contingent, in any contract made or executed by a state or local agency and include the name of the entity which holds such interest and the relationship of the reporting individual or such individual's spouse or such child to such entity and the interest in such contract. Do NOT include bonds and notes. Do NOT list any interest in any such contract on which final payment has been made and all obligations under the contract except for guarantees and warranties have been performed, provided, however, that such an interest must be listed if there has been an ongoing dispute during the calendar year for which this statement is filed with respect to any such guarantees or warranties. Do NOT list any interest in a contract or executed by a local agency after public notice and pursuant to a process for competitive bidding or a process for competitive requests for proposals.

☑ NONE

| SELF, SPOUSE OR CHILD | ENTITY WHICH HELD INTEREST IN CONTRACT | RELATIONSHIP TO ENTITY AND INTEREST IN CONTRACT | NAME OF CONTRACTING STATE OR LOCAL AGENCY |
|---|---|---|---|

7. List any position the reporting individual held as an officer of any political party or political organization, as a member of any political party committee, or as a political party district leader. The term "party" shall have the same meaning as "party" in the Election Law. The term "political organization" means any party or independent body as defined in the Election Law or any organization that is affiliated with or a subsidiary of a party or independent body.

☑ NONE

8. (a) If the reporting individual practices law, is licensed by the Department of State as a real estate broker or agent, or practices a profession licensed by the Department of Education, give a general description of the principal subject areas of matters undertaken by such individual. Additionally, if such an individual practices with a firm or corporation and is a partner or shareholder of the firm or corporation, give a general description of principal subject areas of matters undertaken by such firm or corporation. Do not list the name of individual clients, customers or patients.

☑ NONE

8. (b) List the name, principal address and general description or the nature of the business activity of any entity in which the reporting individual or such individual's spouse had an investment in excess of $1,000 excluding investments in securities and interests in real property.

☐ NONE

ROSSI OPERATING CORP

TUXEDO MOBILE HOMES

GA ROSSI CONSTRUCTION CORP

JAMES STREET MANAGEMENT, INC.

UNIVERSAL LINEN SERVICE COMPANY, INC.

WHITE BIRCH POINTE, LLC

WHITE BIRCH LANDING, LLC

UNIVERSAL GRAVEL, INC

PHARMACY ONE, LLC

9. List each source of gifts, EXCLUDING campaign contributions, in EXCESS of $1,000, received during the reporting period for which this statement is filed by the reporting individual or such individual's spouse or unemancipated child from the same donor, EXCLUDING gifts from a relative. INCLUDE the name and address of the donor. The term "gifts" does not include reimbursements, which term is defined in Item 10. Indicate the value and nature of each such gift.

☑ NONE

| SELF,SPOUSE OR CHILD | NAME OF DONOR | ADDRESS | NATURE OF GIFT |
|---|---|---|---|

10. Identify and briefly describe the source of any reimbursements for expenditures, EXCLUDING campaign expenditures and expenditures in connection with official duties reimbursed by the state, in EXCESS of $1,000 from each such source. For purposes of this item, the term "reimbursements" shall mean any travel-related expenses provided by nongovernmental sources and for activities related to the reporting individual's official duties such as, speaking engagements, conferences, or factfinding events. The term "reimbursement" does NOT include gifts reported under Item 9.

☑ NONE

| SOURCE | DESCRIPTION |
|---|---|

11. List the identity and value, if reasonably ascertainable, of each interest in a trust, estate or other beneficial interest, including retirement plans other than retirement plans of the State of New York or the City of New York, and deferred compensation

plans (e.g., 401, 403(b), 457, etc.) established in accordance with the Internal Revenue Code in which the REPORTING INDIVIDUAL held a beneficial interest in EXCESS of $1,000 at any time during the preceding year. Do NOT report interests in a trust, estate or other beneficial interest established by or for, or the estate of, a relative.

☐ NONE

IDENTITY
IRA SMITH BARNEY

STONEHEDGE NH 401 K PLAN

12. (a) Describe the terms of, and the parties to, any contract, promise, or other agreement between the reporting individual and any person, firm, or corporation with respect to the employment of such individual after leaving office or position (other than a leave of absence).

☑ NONE

12. (b) Describe the parties to and the terms of any agreement providing for continuation of payments or benefits to the REPORTING INDIVIDUAL in EXCESS of $1,000 from a prior employer OTHER THAN the State. (This includes interests in or contributions to a pension fund, profit-sharing plan, or life or health insurance; buy-out agreements; severance payments; etc.)

☑ NONE

13. List below the nature and amount of any income in EXCESS of $1,000 from EACH SOURCE for the reporting individual and such individual's spouse for the taxable year last occurring prior to the date of filing. Nature of income includes, but is not limited to, all income (other than that received from the employment listed under Item 2 above) from compensated employment whether public or private, directorships and other fiduciary positions, contractual arrangements, teaching income, partnerships, honorariums, lecture fees, consultant fees, bank and bond interest, dividends, income derived from a trust, real estate rents, and recognized gains from the sale or exchange of real or other property. Income from a business or profession and real estate rents shall be reported with the source identified by the building address in case of real estate rents and otherwise by the name of the entity and not by the name of the individual customers, clients or tenants, with the aggregate net income before taxes for each building address or entity. The receipt of maintenance received in connection with a matrimonial action, alimony and child support payments shall not be listed.

☐ NONE

| SELF/SPOUSE | SOURCE | NATURE |
|---|---|---|
| SELF | GORE ROAD SCHOOL | REAL ESTATE RENTAL |
| SELF | JAMES STREET MANAGEMENT INC | S CORP EARNINGS |
| SELF | INTEREST & DIVIDEND INCOME | CASH INVESTMENTS |

14. List the sources of any deferred income (not retirement income) in EXCESS of $1,000 from each source to be paid to the reporting individual following the close of the calendar year for which this disclosure statement is filed, other than deferred compensation reported in Item 11 hereinabove. Deferred income derived from the practice of a profession shall be listed in the aggregate and shall identify as the source, the name of the firm, corporation, partnership or association through which the income was derived, but shall not identify individual clients.

☑ NONE

SOURCE

15. List each assignment of income in EXCESS of $1,000, and each transfer other than to a relative during the reporting period for which this statement is filed for less than fair consideration of an interest in a trust, estate or other beneficial interest, securities or real property, by the reporting individual, in excess of $1,000, which would otherwise be required to be reported herein and is not or has not been so reported.

☑ NONE

| ITEM ASSIGNED OR TRANSFERRED | ASSIGNED OR TRANSFERRED TO |
|---|---|

16. List below the type and market value of securities held by the reporting individual or such individual's spouse from each issuing entity in EXCESS of $1,000 at the close of the taxable year last occurring prior to the date of filing, including the name of the issuing entity exclusive of securities held by the reporting individual issued by a professional corporation. Whenever an interest in securities exists through a beneficial interest in a trust, the securities held in such trust shall be listed ONLY IF the reporting individual has knowledge thereof except where the reporting individual or the reporting individual's spouse has transferred assets to such trust for his or her benefit in which event such securities shall be listed unless they are not ascertainable by the reporting individual because the trustee is under an obligation or has been instructed in writing not to disclose the contents of the trust to the reporting individual. Securities of which the reporting individual or the reporting individual's spouse is the owner of record but in which such individual or the reporting individual's spouse has no beneficial interest shall not be listed. Indicate percentage of ownership ONLY if the reporting person or the reporting person's spouse holds more than five percent (5%) of the stock of a corporation in which the stock is publicly traded or more than ten percent (10%) of the stock of a corporation in which the stock is NOT publicly traded. Also list securities owned for investment purposes by a corporation more than fifty percent (50%) of the stock of which is owned or controlled by the reporting individual or such individual's spouse. For the purpose of this item, the term "securities" shall mean mutual funds, bonds, mortgages, notes, obligations, warrants and stocks of any class, investment interests in limited or general partnerships and certificates of deposits (CDs) and such other evidences of indebtedness and certificates of interest as are usually referred to as securities. The market value for such securities shall be reported only if reasonably ascertainable and shall not be reported if the security is an interest in a general partnership that was listed in Item 8(a) or if the security is corporate stock, NOT publicly traded, in a trade or business of a reporting individual or a reporting individual's spouse.

☐ NONE

| SELF/SPOUSE | ISSUING ENTITY | TYPE OF SECURITY | PERCENTAGE OF CORPORATE STOCK OWNED OR CONTROLLED |
|---|---|---|---|
| SELF | WATERHOUSE | STOCKS | N/A |
| SELF | INVESTORS BANK & TRUST | MONEY FUNDS, STOCKS, BONDS | N/A |
| SELF | ADIRONDACK BANK | CD'S | N/A |

17. List below the location, size, general nature, acquisition date, market value and percentage of ownership of any real property in which any vested or contingent interest in EXCESS of $1,000 is held by the reporting individual or the reporting individual's spouse. Also list real property owned for investment purposes by a corporation more than fifty percent (50%) of the stock of which is owned or controlled by the reporting individual or such individual's spouse. Do NOT list any real property which is the primary or secondary personal residence of the reporting individual or the reporting individual's spouse, except where there is a co-owner who is other than a relative.

☐ NONE

| SELF/SPOUSE/ CORPORATION | LOCATION | SIZE | GENERAL NATURE | ACQUISITION DATE | PERCENTAGE OF OWNERSHIP |
|---|---|---|---|---|---|
| SELF | GORE ROAD, ROME, NY | 40000 SQ FT | COMMERCIAL RENTAL | 1987 | 100% |

18. List below all notes and accounts receivable, other than from goods or services sold, held by the reporting individual at the close of the taxable year last occurring prior to the date of filing and other debts owed to such individual at the close of the taxable year last occurring prior to the date of filing, in EXCESS of $1,000, including the name of the debtor, type of obligation, date due and the nature of the collateral securing payment of each, if any, excluding securities reported in Item 16 hereinabove. Debts, notes and accounts receivable owed to the individual by a relative shall not be reported.

☑ NONE

| NAME OF DEBTOR | TYPE OF OBLIGATION, DATE DUE, AND NATURE OF COLLATERAL, IF ANY |
|---|---|

19. List below all liabilities of the reporting individual and such individual's spouse, in EXCESS of $5,000 as of the date of filing of this statement, other than liabilities to a relative. Do NOT list liabilities incurred by, or guarantees made by, the reporting individual or such individual's spouse or by any proprietorship, partnership or corporation in which the reporting individual or such individual's spouse has an interest, when incurred or made in the ordinary course of the trade, business or professional practice of the reporting individual or such individual's spouse. Include the name of the creditor and any collateral pledged by such individual to secure payment of any such liability. A reporting individual shall not list any obligation to pay maintenance in connection with a matrimonial action, alimony or child support payments. Any loan issued in the ordinary course of business by a financial institution to finance educational costs, the cost of home purchase or improvements for a primary or secondary residence, or purchase of a personally owned motor vehicle, household furniture or appliances shall be excluded. If any such reportable liability has been guaranteed by any third person, list the liability and name the guarantor.

☑ NONE

| NAME OF CREDITOR OR GUARANTOR | TYPE OF LIABILITY AND COLLATERAL, IF ANY |
|---|---|

*The requirements of law relating to the reporting of financial interests are in the public interest and no adverse inference of unethical or illegal conduct or behavior will be drawn merely from compliance with these requirements.*

X _____ Submitted Electronically _____        _____ May 09, 2007 _____
Signature of Reporting Individual              Date (month/day/year)

State of New York

## STATE ETHICS COMMISSION

● 540 Broadway ● Albany, NY 12207 ●  Albany, NY 12207-2717

## Annual Statement of Financial Disclosure: For calendar year 2005

| 1. Name (Last) | (First) | (MI) | (Suffix) |
|---|---|---|---|
| HALBRITTER | JANE | | |

| 2. (a) TITLE OF POSITION | (b) DEPARTMENT, AGENCY OR OTHER GOVERNMENTAL ENTITY |
|---|---|
| Member | State Insurance Fund |

| (c) ADDRESS OF PRESENT OFFICE | (d) OFFICE TELEPHONE NUMBER |
|---|---|
| 100 West Garden Street Rome, New York 13440 | 315-271-8734 |

| 3. (a) MARITAL STATUS | IF MARRIED, PLEASE GIVE SPOUSE'S NAME (Including maiden name where applicable) |
|---|---|
| Married | Arthur R Halbritter |

(b) LIST THE NAMES OF ALL UNEMANCIPATED CHILDREN

Answer each of the following questions completely, with respect to calendar year 2005, unless another period or date is otherwise specified. If additional space is needed, attach additional pages.

Whenever a "value" or "amount" is required to be reported herein, such value or amount shall be reported as being within one of the following Categories: Category A - under $5,000; Category B - $5,000 to under $20,000; Category C - $20,000 to under $60,000; Category D - $60,000 to under $100,000; Category E - $100,000 to under $250,000; and Category F - $250,000 or over. A reporting individual shall indicate the Category by letter only. Categories are not subject to public inspection.

4. (a) List any office, trusteeship, directorship, partnership, or position of any nature, whether compensated or not, held by the reporting individual with any firm, corporation, association, partnership, or other organization other than the State of New York. Include compensated honorary positions; do NOT list membership or uncompensated honorary positions. If the listed entity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before any state or local agency, list the name of any such agency.

☐ NONE

| POSITION | ORGANIZATION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|
| DIRECTOR | WHITE BIRCH LANDING, LLC | NONE |
| DIRECTOR | UNIVERSAL GRAVEL, INC | NONE |
| DIRECTOR | ROSSI OPERATING CORP | NONE |
| DIRECTOR | TUXEDO MOBILE HOMES, INC. | NONE |
| DIRECTOR | UNIVERSAL LINEN SERVICE CO. INC. | NONE |
| DIRECTOR | WHITE BIRCH POINTE, LLC | NONE |
| DIRECTOR | STONEHEDGE NURSING HOME ROME, INC. | DEPT. OF HEALTH, DEPT. OF SOCIAL SERVICES |
| DIRECTOR | STONEHEDGE CHITTENANGO NURSING HOME | DEPT. OF HEALTH, DEPT. OF SOCIAL SERVICES |

| POSITION | ORGANIZATION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|
| | INC. | |
| DIRECTOR | STONEHEDGE REALTY ROME, INC. | DEPT. OF HEALTH |
| DIRECTOR | STONEHEDGE REALTY CHITTENANGO, INC. | DEPT. OF HEALTH |
| DIRECTOR | JAMES STREET MANAGEMENT, INC. | NONE |
| DIRECTOR | GEORGE A. ROSSI CONSTRUCTION CO | NONE |

4. (b) List any office, trusteeship, directorship, partnership, or position of any nature, whether compensated or not, held by the spouse or unemancipated child of the reporting individual, with any firm, corporation, association, partnership, or other organization other than the State of New York. Include compensated honorary positions; do NOT list membership or uncompensated honorary positions. If the listed entity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name of any such agency.

☑ NONE

| POSITION | ORGANIZATION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|

5. (a) List the name, address and description of any occupation, employment (other than the employment listed under Item 2 above), trade, business or profession engaged in by the reporting individual. If such activity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name of the agency.

☐ NONE

| POSITION | NAME AND ADDRESS OF ORGANIZATION | DESCRIPTION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|---|
| OWNER | STONEHEDGE NH ROME, INC 801 N. JAMES ST. ROME NY 13440 | RHCF | DEPT OF HEALTH, DEPT OF SOCIAL SERVICES |
| OWNER | STONEHEDGE NH CHITTENANGO, INC 331 RUSSELL ST. CHITTENANGO NY 13057 | RHCF | DEPT OF HEALTH, DEPT OF SOCIAL SERVICES |
| OWNER | PHARMACY ONE, LLC 801 N. JAMES ST. ROME, NY 13440 | PHARMACY COMPANY | DEPT. OF HEALTH |
| OWNER | STONEHEDGE REALTY CHITTENANGO, INC. 801 N. JAMES ST. ROME, NY 13440 | REALTY COMPANY | DEPT. OF HEALTH |
| OWNER | STONEHEDGE REALTY ROME, INC 801 N.JAMES ST. ROME NY 13440 | REALTY COMPANY | DEPT OF HEALTH, DEPT OF SOCIAL SERVICES |

5. (b) If the spouse or unemancipated child of the reporting individual was engaged in any occupation, employment, trade, business or profession which activity was licensed by any state or local agency, was regulated by any state regulatory agency or local agency, or, as a regular and significant part of the business or activity of said entity, did business with, or had matters other than ministerial matters before, any state or local agency, list the name, address and description of such occupation, employment, trade, business or profession and the name of any such agency.

☑ NONE

| POSITION | NAME AND ADDRESS OF ORGANIZATION | DESCRIPTION | NAME OF STATE OR LOCAL AGENCY |
|---|---|---|---|

6. List any interest, in EXCESS of $1,000, held by the reporting individual, such individual's spouse or unemancipated child, or partnership of which any such person is a member, or corporation, 10% or more of the stock of which is owned or controlled by any such person, whether vested or contingent, in any contract made or executed by a state or local agency and include the name of the entity which holds such interest and the relationship of the reporting individual or such individual's spouse or such child to such entity and the interest in such contract. Do NOT include bonds and notes. Do NOT list any interest in any such contract on which final payment has been made and all obligations under the contract except for guarantees and warranties have been performed, provided, however, that such an interest must be listed if there has been an ongoing dispute during the calendar year for which this statement is filed with respect to any such guarantees or warranties. Do NOT list any interest in a contract or executed by a local agency after public notice and pursuant to a process for competitive bidding or a process for competitive requests for proposals.

☑ NONE

| SELF, SPOUSE OR CHILD | ENTITY WHICH HELD INTEREST IN CONTRACT | RELATIONSHIP TO ENTITY AND INTEREST IN CONTRACT | NAME OF CONTRACTING STATE OR LOCAL AGENCY |
|---|---|---|---|

7. List any position the reporting individual held as an officer of any political party or political organization, as a member of any political party committee, or as a political party district leader. The term "party" shall have the same meaning as "party" in the Election Law. The term "political organization" means any party or independent body as defined in the Election Law or any organization that is affiliated with or a subsidiary of a party or independent body.

☑ NONE

8. (a) If the reporting individual practices law, is licensed by the Department of State as a real estate broker or agent, or practices a profession licensed by the Department of Education, give a general description of the principal subject areas of matters undertaken by such individual. Additionally, if such an individual practices with a firm or corporation and is a partner or shareholder of the firm or corporation, give a general description of principal subject areas of matters undertaken by such firm or corporation. Do not list the name of individual clients, customers or patients.

☑ NONE

8. (b) List the name, principal address and general description or the nature of the business activity of any entity in which the reporting individual or such individual's spouse had an investment in excess of $1,000 excluding investments in securities and interests in real property.

☐ NONE

STONEHEDGE NURSING HOME ROME, INC.

STONEHEDGE NURSING HOME CHITTENANGO, INC.

STONEHEDGE REALTY ROME, INC.

STONEHEDGE REALTY CHITTENANGO, INC.

JAMES STREET MANAGEMENT, INC.

PHARMACY ONE, LLC

GA ROSSI CONSTRUCTION CORP

WHITE BIRCH LANDING, LLC

UNIVERSAL GRAVEL, INC

UNIVERSAL LINEN SERVICE COMPANY, INC.

ROSSI OPERATING CORP

TUXEDO MOBILE HOMES

WHITE BIRCH POINTE, LLC

9. List each source of gifts, EXCLUDING campaign contributions, in EXCESS of $1,000, received during the reporting period for which this statement is filed by the reporting individual or such individual's spouse or unemancipated child from the same donor, EXCLUDING gifts from a relative. INCLUDE the name and address of the donor. The term "gifts" does not include reimbursements, which term is defined in Item 10. Indicate the value and nature of each such gift.

☑ NONE

| SELF, SPOUSE OR CHILD | NAME OF DONOR | ADDRESS | NATURE OF GIFT |
|---|---|---|---|

10. Identify and briefly describe the source of any reimbursements for expenditures, EXCLUDING campaign expenditures and expenditures in connection with official duties reimbursed by the state, in EXCESS of $1,000 from each such source. For purposes of this item, the term "reimbursements" shall mean any travel-related expenses provided by nongovernmental sources and for activities related to the reporting individual's official duties such as, speaking engagements, conferences, or factfinding events. The term "reimbursement" does NOT include gifts reported under Item 9.

☑ NONE

| SOURCE | DESCRIPTION |
|---|---|

11. List the identity and value, if reasonably ascertainable, of each interest in a trust, estate or other beneficial interest, including retirement plans other than retirement plans of the State of New York or the City of New York, and deferred compensation plans (e.g., 401, 403(b), 457, etc.) established in accordance with the Internal Revenue Code in which the REPORTING INDIVIDUAL held a beneficial interest in EXCESS of $1,000 at any time during the preceding year. Do NOT report interests in a trust, estate or other beneficial interest established by or for, or the estate of, a relative.

☐ NONE

IDENTITY

STONEHEDGE MH 401 K PLAN

IRA SMITH BARNEY

12. (a) Describe the terms of, and the parties to, any contract, promise, or other agreement between the reporting individual and any person, firm, or corporation with respect to the employment of such individual after leaving office or position (other than a leave of absence).

☑ NONE

12. (b) Describe the parties to and the terms of any agreement providing for continuation of payments or benefits to the REPORTING INDIVIDUAL in EXCESS of $1,000 from a prior employer OTHER THAN the State. (This includes interests in or contributions to a pension fund, profit-sharing plan, or life or health insurance; buy-out agreements; severance payments; etc.)

☑ NONE

13. List below the nature and amount of any income in EXCESS of $1,000 from EACH SOURCE for the reporting individual and such individual's spouse for the taxable year last occurring prior to the date of filing. Nature of income includes, but is not limited to, all income (other than that received from the employment listed under Item 2 above) from compensated employment whether public or private, directorships and other fiduciary positions, contractual arrangements, teaching income, partnerships, honorariums, lecture fees, consultant fees, bank and bond interest, dividends, income derived from a trust, real estate rents, and recognized gains from the sale or exchange of real or other property. Income from a business or profession and real estate rents shall be reported with the source identified by the building address in case of real estate rents and otherwise by the name of the entity and not by the name of the individual customers, clients or tenants, with the aggregate net income before taxes for each building address or entity. The receipt of maintenance received in connection with a matrimonial action, alimony and child support payments shall not be listed.

☐ NONE

| SELF/SPOUSE | SOURCE | NATURE |
|---|---|---|
| SELF | INTEREST & DIVIDEND INCOME | CASH INVESTMENTS |
| SELF | STONEHEDGE NH ROME, INC | WAGES |
| SELF | STONEHEDGE NH CHITTENANGO, INC. | S CORP EARNINGS |
| SELF | JAMES STREET MANAGEMENT INC | S CORP EARNINGS |
| SELF | GORE ROAD SCHOOL | REAL ESTATE RENTAL |
| SELF | STONEHEDGE NH ROME, INC | S CORP EARNINGS |

14. List the sources of any deferred income (not retirement income) in EXCESS of $1,000 from each source to be paid to the reporting individual following the close of the calendar year for which this disclosure statement is filed, other than deferred compensation reported in Item 11 hereinabove. Deferred income derived from the practice of a profession shall be listed in the aggregate and shall identify as the source, the name of the firm, corporation, partnership or association through which the income was derived, but shall not identify individual clients.

☑ NONE

SOURCE

15. List each assignment of income in EXCESS of $1,000, and each transfer other than to a relative during the reporting period for which this statement is filed for less than fair consideration of an interest in a trust, estate or other beneficial interest, securities or real property, by the reporting individual, in excess of $1,000, which would otherwise be required to be reported herein and is not or has not been so reported.

☑ NONE

ITEM ASSIGNED
OR TRANSFERRED

ASSIGNED OR
TRANSFERRED TO

16. List below the type and market value of securities held by the reporting individual or such individual's spouse from each issuing entity in EXCESS of $1,000 at the close of the taxable year last occurring prior to the date of filing, including the name of the issuing entity exclusive of securities held by the reporting individual issued by a professional corporation. Whenever an interest in securities exists through a beneficial interest in a trust, the securities held in such trust shall be listed ONLY IF the reporting individual has knowledge thereof except where the reporting individual or the reporting individual's spouse has transferred assets to such trust for his or her benefit in which event such securities shall be listed unless they are not ascertainable by the reporting individual because the trustee is under an obligation or has been instructed in writing not to disclose the contents of the trust to the reporting individual. Securities of which the reporting individual or the reporting individual's spouse is the owner of record but in which such individual or the reporting individual's spouse has no beneficial interest shall not be listed. Indicate percentage of ownership ONLY if the reporting person or the reporting person's spouse holds more than five percent (5%) of the stock of a corporation in which the stock is publicly traded or more than ten percent (10%) of the stock of a corporation in which the stock is NOT publicly traded. Also list securities owned for investment purposes by a corporation more than fifty percent (50%) of the stock of which is owned or controlled by the reporting individual or such individual's spouse. For the purpose of this item, the term "securities" shall mean mutual funds, bonds, mortgages, notes, obligations, warrants and stocks of any class, investment interests in limited or general partnerships and

certificates of deposits (CDs) and such other evidences of indebtedness and certificates of interest as are usually referred to as securities. The market value for such securities shall be reported only if reasonably ascertainable and shall not be reported if the security is an interest in a general partnership that was listed in Item 8(a) or if the security is corporate stock, NOT publicly traded, in a trade or business of a reporting individual or a reporting individual's spouse.

☐ NONE

| SELF/SPOUSE | ISSUING ENTITY | TYPE OF SECURITY | PERCENTAGE OF CORPORATE STOCK OWNED OR CONTROLLED |
|---|---|---|---|
| SELF | WATERHOUSE | STOCKS | N/A |
| SELF | SMITH BARNEY | MONEY FUNDS, STOCKS, BONDS | N/A |
| SELF | ADIRONDACK BANK | CD'S | N/A |

17. List below the location, size, general nature, acquisition date, market value and percentage of ownership of any real property in which any vested or contingent interest in EXCESS of $1,000 is held by the reporting individual or the reporting individual's spouse. Also list real property owned for investment purposes by a corporation more than fifty percent (50%) of the stock of which is owned or controlled by the reporting individual or such individual's spouse. Do NOT list any real property which is the primary or secondary personal residence of the reporting individual or the reporting individual's spouse, except where there is a co-owner who is other than a relative.

☐ NONE

| SELF/SPOUSE/ CORPORATION | LOCATION | SIZE | GENERAL NATURE | ACQUISITION DATE | PERCENTAGE OF OWNERSHIP |
|---|---|---|---|---|---|
| SELF | GORE ROAD, ROME, NY | 40000 SQ FT | COMMERCIAL RENTAL | 1987 | 100% |

18. List below all notes and accounts receivable, other than from goods or services sold, held by the reporting individual at the close of the taxable year last occurring prior to the date of filing and other debts owed to such individual at the close of the taxable year last occurring prior to the date of filing, in EXCESS of $1,000, including the name of the debtor, type of obligation, date due and the nature of the collateral securing payment of each, if any, excluding securities reported in Item 16 hereinabove. Debts, notes and accounts receivable owed to the individual by a relative shall not be reported.

☑ NONE

NAME OF DEBTOR                    TYPE OF OBLIGATION, DATE DUE,
                                  AND NATURE OF COLLATERAL, IF ANY

19. List below all liabilities of the reporting individual and such individual's spouse, in EXCESS of $5,000 as of the date of filing of this statement, other than liabilities to a relative. Do NOT list liabilities incurred by, or guarantees made by, the reporting individual or such individual's spouse or by any proprietorship, partnership or corporation in which the reporting individual or such individual's spouse has an interest, when incurred or made in the ordinary course of the trade, business or professional practice of the reporting individual or such individual's spouse. Include the name of the creditor and any collateral pledged by such individual to secure payment of any such liability. A reporting individual shall not list any obligation to pay maintenance in connection with a matrimonial action, alimony or child support payments. Any loan issued in the ordinary course of business by a financial institution to finance educational costs, the cost of home purchase or improvements for a primary or secondary residence, or purchase of a personally owned motor vehicle, household furniture or appliances shall be excluded. If any such reportable liability has been guaranteed by any third person, list the liability and name the guarantor.

☑ NONE

NAME OF CREDITOR                  TYPE OF LIABILITY
OR GUARANTOR                      AND COLLATERAL, IF ANY

*The requirements of law relating to the reporting of financial interests are in the public interest and no adverse inference of unethical or illegal conduct or behavior will be drawn merely from compliance with these requirements.*

| X | Submitted Electronically | | June 08, 2006 |
|---|---|---|---|
| *Signature of Reporting Individual* | | | *Date (month/day/year)* |