EXHIBIT "G"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MADISON

ARTHUR R. HALBRITTER,

                      Plaintiff,          Index No. 06-1530
                                            RJI No. 06-0443-C

-against-

                                              **NOTICE OF CROSS MOTION**

JANE R. HALBRITTER,

                      Defendant.

S I R S:

**PLEASE TAKE NOTICE**, that upon the Affidavit of the Defendant, JANE R. HALBRITTER, sworn to the 4th day of October, 2007, and the Affirmation of JON W. BRENIZER, ESQ., dated October 4, 2007, and upon all prior pleadings and proceedings heretofore had herein, the Defendant will move this Court at a Motion Term thereof to be held at the Madison County Courthouse, Wampsville, New York, on the 12th day of October, 2007, at 9:30 A.M., in the forenoon of that day or soon thereafter as counsel can be heard for an Order as follows:

    A.    Directing both the Plaintiff and Defendant to comply with all discovery demands and notices served on the opposing party on or before November 16, 2007, and

    B.    Directing that the Plaintiff appear for his deposition at the office of Defendant's counsel on November 26, 2007, at 10:00 A.M., and that the Defendant appear at the office of Plaintiff's attorney for her deposition on November 28, 2007, and

    C.    For an Order of the Court directing the bifurcation of the issue of grounds in this Action for Divorce from the issues of equitable distribution and spousal maintenance, and directing that a trial on the issue of grounds only be first conducted, or in the

alternative that this Court reserve the right to the Defendant to apply for this relief before the Judge who will be assigned to this case following the end of this calendar year, and

D.  Granting to the Defendant a change in the venue of this Action for Divorce to the County of Oneida, State of New York, and

E.  For such other and further relief as to the Court may seem just and proper.

Dated: October 4, 2007

Respectfully submitted,

JON W. BRENIZER, ESQ.
MACHT, BRENIZER & GINGOLD, P.C.
Attorneys for Defendant
Office and Post Office Address
109 South Warren Street, Suite 510
Syracuse, New York 13202
Telephone: (315) 422-2265

TO:  GERALD H. TAYLOR, ESQ.
TAYLOR & MILLER, LLP
Attorneys for Plaintiff
Office and Post Office Address
133 S. Peterboro Street
Canastota, New York 13032
Telephone: (315) 697-2286

LAW OFFICES
MACHT, BRENIZER
& GINGOLD, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MADISON

ARTHUR R. HALBRITTER,

          Plaintiff,

-against-

JANE R. HALBRITTER,

          Defendant.

Index No. 06-1530
RJI No. 06-0443-C

AFFIRMATION IN OPPOSITION OF PLAINTIFF'S MOTION AND IN SUPPORT OF DEFENDANT'S MOTION

JON W. BRENIZER, ESQ., an attorney duly admitted to practice in the courts of the State of New York, hereby affirms as follows:

1. I am a partner in the Law Firm of MACHT, BRENIZER & GINGOLD, P.C., and I am the attorney of record for the above-named Defendant. From the inception of this matrimonial action I have represented the Defendant, and I am fully familiar with all the prior pleadings, facts, and circumstances set forth hereinafter.

2. I make this Affirmation in opposition to the Plaintiff's application regarding discovery, inspection and the conducting of depositions of the parties, specifically with regard to the dates requested by the Plaintiff for those purposes, and with regard to the conditional Order of Preclusion, striking of pleadings, and request for an inquest contained therein.

3. I also make this Affirmation in support of the Defendant's application to the Court for a direction as to the dates for the production of discovery materials and the conducting of depositions of the parties, as well as for the purpose of seeking a bifurcation of the issue of grounds from the other financial issues in this action, and for a change of venue.

## PROCEDURAL AND FACTUAL BACKGROUND

4. Plaintiff's counsel has to some extent set forth the procedural background of this Action for Divorce, and I will limit my discussion thereof to the areas of omission or disagreement which I have with his recitation.

5. First, Plaintiff's counsel indicates that he has attached as part of Exhibit "B," the Defendant's Answer in this action. However, he omitted to do so, and, therefore, I have attached a copy of the Defendant's Answer hereto. Let me simply point out that it is the Defendant's position without question or equivocation that she can refute each and every allegation of misconduct alleged to have been committed by her by the Plaintiff, and in fact will establish for the Court that in most every instance the exact opposite is true with regard to the Plaintiff's allegations. The Defendant's Answer contains such specificity as to render this apparent on its face. This has even greater significance with regard to the Defendant's Motion to bifurcate the issue of grounds for trial purposes in this action.

6. With regard to the Court's Preliminary Conference Stipulation and Order, both parties have submitted their Statements of Net Worth and both parties have provided their notices of discovery and inspection and notices to take the deposition of the other party. There is no complaint in this regard from the Plaintiff or his counsel.

7. Plaintiff's counsel correctly recites that with my cooperation an extension of time was requested by letter to the Court for the purpose of conducting depositions which I sent to the Court and pursuant to which the Court extend discovery until September 1, 2007. One of the reasons for this mutual request for the extension of discovery is the fact

that the parties were involved in Motion practice before the Court, including the Defendant's request for exclusive use of the Naples, Florida condominium made necessary by the Defendant's request for a schedule of use of that condominium, and which request was ultimately made to the Court in the form of a Cross Motion. Although discovery was not being completed during the months of July and August, 2007, the parties and their counsel were quite busy with other aspects of this action as indicated by the Motion and Cross Motion before the Court. Then, due to the unilateral action of the Plaintiff, a further Motion was felt necessary on behalf of the Defendant regarding the security system at what was once the marital residence of the parties, and the unilateral termination of the Defendant's country club privileges by the Plaintiff.

8. With the cooperation of both counsel, depositions were ultimately scheduled for October 1, 2, and 3, 2007, for both of the parties. In the first instance, however, I made such arrangements with Plaintiff's counsel believing that Defendant's expert, T. Kevin Fahey, Esq., CPA, would be available for the depositions. When I learned from Mr. Fahey that he would be out of town the week of October 1, 2007, I nonetheless considered going ahead with the depositions without Mr. Fahey. However, when Plaintiff's counsel ultimately advised during the week before the scheduled depositions that Mr. Halbritter intended to bring with him to those depositions an attorney from the New York City area to conduct those depositions, then it became the Defendant's adamant position that she wanted her financial expert who is both a CPA and an attorney to be present at those depositions.

9. In addition, it is true that the Defendant was having considerable difficulty in

obtaining and providing certain documentary discovery to the Plaintiff. I had made this known to Plaintiff's counsel in mid September and again during the week just prior to scheduled depositions commencing on October 1, 2007. In fact, when Plaintiff's counsel offered to produce his discovery materials at my office, I suggested that he not do so until I was prepared to provide him with Defendant's disclosure.

10. On Wednesday, September 26, 2007, I was scheduled for trial before the Honorable Kevin Young, Justice of the Supreme Court, in a matrimonial action in Syracuse, New York. At the same time, T. Kevin Fahey, Esq., CPA, was meeting with the Defendant at his office at 10:00 A.M. During the morning of September 26, 2007, I was in telephone contact at Court with Mr. Fahey. I was successful in settling the matrimonial action before Judge Young by noon of September 26, and by 2:00 P.M. was at the office of Kevin Fahey where I met with Mrs. Halbritter and Mr. Fahey. Mr. Fahey had already been in telephone contact with Mr. Taylor. By approximately 3:30 P.M. I telephoned Mr. Taylor myself to advise him that with Kevin not being able to be present for the depositions, and with the Defendant and Mr. Fahey himself having for the last three weeks been unable to obtain documentary disclosure from the Defendant's accountants in Potsdam, New York, I advised Mr. Taylor that for those reasons I did not wish to proceed with the depositions of the parties on October 1, 2, and 3.

11. During the same telephone conversation with Mr. Taylor, I advised that I had obtained some information from Alan Leist, a financial consultant in New Hartford, New York, with whom Mrs. Halbritter had placed all of her investments since last Fall. I further

advised Mr. Taylor that Mr. Leist could provide us with not only all of the investments Mrs. Halbritter now held, but that he could also provide us with the brokerage houses and investment institutions from which Mrs. Halbritter had transferred all of her accounts to Mr. Leist. I advised Mr. Taylor that I would provide him with this information as well as an authorization to discuss any of this information directly with Mr. Leist.

12. Mrs. Halbritter was the previous owner with her two brothers of a nursing home business originally established by her late father. All of the accounting for this business including the preparation of all income tax returns, both corporate and personal, as well as the preparation of all of the details of the closing of the sale of this nursing home business, had been handled by the accounting firm of Pinto, Mucenski, & Watson, P.C., of Potsdam, New York. I had previously made Mr. Taylor aware that the accountant at this Potsdam accounting firm who had personally handled the lion's share of Mrs. Halbritter's accounting needs had been investigated and was to found to have embezzled hundreds of thousands of dollars from Mrs. Halbritter and her business; that he was investigated by federal agents, and was being charged with federal crimes, and that Mrs. Halbritter, Kevin Fahey, and Mrs. Halbritter's new accountant were having considerable difficulty obtaining any documentary discovery from her former accounting firm. I offered to have Mrs. Halbritter execute an authorization so that Mr. Taylor could deal directly with her former accounting firm primarily so that he would be aware of the genuineness of the Defendant's efforts in this regard, and with the possibility that he may have some success in that regard. Mrs. Halbritter's new accountants are making every effort to file tax returns on

behalf of Mrs. Halbritter which are due on or before October 15, of this year. In addition it has been discovered that income tax returns for prior years were improperly prepared and filed now requiring the filing of amended returns, all of which is of the first priority for Mrs. Halbritter so that she does not suffer further significant financial harm. She is absolutely the innocent victim in these circumstances.

13. When I remained firm in my position not to conduct the depositions of the parties on October 1, 2, and 3, Mr. Taylor ultimately and finally requested that we attempt to have a telephone conference with the Court. Mr. Taylor was successful in arranging this conference that was initiated by the Court. This took place between 4:30 P.M. and 5:00 P.M. on Wednesday, September 26, 2007. This was an informal conference with the Court without formal Motions having been presented. Keeping with the Court's prior practice of not issuing directives without formal Motions, the Court offered suggestions regarding the resolution of the issue of grounds when I made it known that Mrs. Halbritter was requesting a bifurcation of that issue. The Court offered that it was not inclined to grant such a bifurcation, but that it could not in any event conduct a trial of that issue, or any other issue in this action, before the end of the year due to the Court's full schedule. The Court further advised that as of the end of the year it would no longer be an Acting Supreme Court Justice, and that any cases that had not already been tried and were at the decision stage of the proceeding would be assigned to a different Judge. Mr. Taylor is correct in stating when he asked the Court its position regarding the depositions scheduled for October 1, 2, and 3, that the Court responded that it could not tell us not to proceed, which is the

same as the Court saying it would not tell us that we had to proceed. The Court maintained its position of not issuing a directive in that regard. The Court indicated that while both parties are required and mandated to provide full financial disclosure to the best of their ability, that it would not preclude a party from offering such financial evidence if its failure to provide financial disclosure was beyond its control and not willful.

14. Here let me state that in addition to the tension, difficulties and potential liability created by the embezzlement of Mrs. Halbritter's funds by a member of her Potsdam accounting firm, that the partner with whom she had also dealt with at that firm, Edward Mucenski, had suffered the death of his father during the week of September 24, and at the very time of the conversation with Mr. Taylor and myself on September 26, 2007, was attending to his late father's funeral, not to mention much time away from his office attending to his dying father during the weeks before. All of this was while Mr. Mucenski was attempting to compile information to assist Mrs. Halbritter's new accountant in his effort to file proper returns in keeping with IRS Demands.

15. In spite of my position stated to Mr. Taylor on September 26th not to proceed with the depositions on October 1, 2, and 3, and in spite of the telephone conference with the Court, Mr. Taylor continued to insist through facsimile mailings on September 27 and 28, that the depositions were going to proceed, and that he was going to appear at my office with the Plaintiff for the purpose of my conducting the Plaintiff's deposition on October 1, and that at the conclusion of that deposition that he was going to depose Mrs. Halbritter. I responded by two separate facsimile mailings and ultimately a telephone call

to Mr. Taylor on Friday afternoon, September 28, that I did not intend to depose Mr. Halbritter on October 1st, nor would Mrs. Halbritter be presented for her deposition the following day. I reiterated that my decision was based on all of the factors previously discussed with him by myself, Mr. Fahey, and as the result of the telephone conference with the Court.

### DISCOVERY, INSPECTION, AND DEPOSITIONS

16. I am in complete agreement with Mr. Taylor that both parties are entitled to as full and as complete financial disclosure as can be provided, and that each is entitled to depose the other party. I am in further agreement that Mr. Taylor has a right under the CPLR to apply to the Court to compel compliance with requested disclosure. My objection to Mr. Taylor's Motion is simply with regard to the dates he has requested in that regard.

17. It is my position that October 19, only two weeks away is not sufficient time under the circumstances set forth above for my client, Mr. Fahey, and I to provide all of the documentation requested. Mrs. Halbritter's new accountants have been trying to the best of their ability to obtain the information they need to complete certain tax returns for Mrs. Halbritter by October 15th. Hopefully this will be accomplished by that deadline.

18. I will provide Mr. Taylor with the information I have already received from Alan Leist regarding Mrs. Halbritter's current investments, and in fact I am attaching same to this Affirmation. However, we are still attempting to obtain needed documentation from Mrs. Halbritter's former accountants. I cannot help but believe that we will be successful, at least to some extent, in obtaining information from them that we will need to prove Mrs.

LAW OFFICES
LACHT, BRENIZER
& GINGOLD, P.C.

Halbritter's separate property interest which I have every reason to believe will exclude nearly all, if not all, of her current investments from distribution by the Court as being her sole and separate property. Certainly, Mrs. Halbritter has every conceivable reason to want to provide this information to the Plaintiff to establish her separate property rights.

19. As indicated above, if necessary we will be able to obtain from Alan Leist of New Hartford, New York, brokerage houses and investment firms with whom Mrs. Halbritter had her investments prior to turning all of them over to Mr. Leist in the Fall of last year. Mr. Leist will be able to provide us with this information, and we will at least be able to obtain it by authorization from those prior firms. However, this also with take some time. I also believe that with Mr. Mucenski back from attending to the death of his father, that I will be able to have a conference call among him, myself, and Mr. Fahey to obtain what we need.

20. Mr. Fahey is away for the remainder of this week. I need him present to assist me with matters of discovery.

21. With regard to Mr. Taylor's request that the Court order depositions on October 29, 30, and 31, 2007, Mr. Fahey and I are both involved in the same matrimonial matter which is scheduled for trial on October 29, before the Honorable Kevin Young in Onondaga County Supreme Court in the matter of <u>Davin v. Davin</u>. This matter is scheduled for trial, and if it does not settle we will proceed for the next several days until its completion. In addition, I am scheduled on October 30, 2007, to appear before this Court, Judge McDermott presiding, in the Family Court matter of <u>Anderson v. Anderson</u>, which I was unable to attend in a previous appearance which was handled by Arlene

Bradshaw, Esq., of my office, but which my client Patricia Anderson has insisted that I be present for all future proceedings.

22. In addition to the above, I have a trial scheduled for three days of October 9, 10, and 11, in the matter of <u>Tucker v. Tucker</u> before the Custody Referee in Onondaga County Family Court, George Raus, Esq., in a custody matter in which my client will be attending from Rochester, New York. On October 16, 2007, I have the trial of <u>Pekala v. Moynihan</u>, also a custody matter before the Custody Referee, George Raus, Esq. On October 23, I have the custody trial, also before Mr. Raus, in the matter of <u>Case v. Rinaldi</u>. In short, I am scheduled for trials throughout the month of October culminating with the Davin trial before Judge Young commencing on October 29, 2007. As the Court and Mr. Taylor are well aware, these trials do not just happen, but take considerable preparation in advance thereof. As a result of the above my month of October is booked to the extent that it will not be possible for me to give this matter the attention it will require. On the other hand my schedule during the month of November is considerably less full. In addition, I have conferred with Mr. Fahey and both Mr. Fahey and I are available to conduct depositions and to produce Mrs. Halbritter for her deposition on November 26, and 28, 2007. I am scheduled to commence another matrimonial trial in the matter of <u>Burgos v. Burgos</u>, before Judge Young in Onondaga County on November 29, 2007.

23. Based upon my availability and that of Mr. Fahey, and taking into consideration that if this matter remains in Madison County Supreme Court, the trial thereof will not be possible until some time after the first of the year, and with the Judge to be

assigned not being known until some time in January, 2008. Once a new Judge has been assigned to this matter, I doubt that scheduling of the trial will be immediate. Therefore, there appears to be sufficient time to provide discovery and conduct depositions during the month of November, 2007.

24. I have requested that the Order of this Court be mutual in its direction to both parties since the demand made to the Plaintiff for disclosure requested his income from all sources, or at least the ability to determine that income. The Plaintiff has provided his contract of employment with the Oneida Nation which clearly indicates that he is entitled to 1.75% of all net profits from all of the various business enterprises and interests of the Oneida Nation. This is in addition to his base salary, deferred compensation, and other financial benefits. However, the Plaintiff has failed to produce documentation evidencing the revenues from all of the various Oneida Nation Enterprises which is essential for the determination of the Plaintiff's total income.

### PRECLUSION, STRIKING OF PLEADINGS, AND INQUEST

25. While there is a Preliminary Conference Scheduling Order in this matter, the time frame for discovery and depositions has previously been extended by the Court by consent of counsel for both parties. In addition, and at the argument of Motions before the Court on August 3, 2007, I advised the Court that there were difficulties in providing disclosure, in addition to the fact that considerable time had been spent on Motion practice. At that time, the Court orally instructed counsel for the parties to continue to work on disclosure. Beyond that, there has not been an application to the Court to compel

LAW OFFICES
OTT, BRENIZER
GINGOLD, P.C.

discovery nor to direct deposition dates. It is my position, therefore, that it is at this time premature to direct a conditional order of preclusion that would also contain directives for the striking of any pleadings or the conducting of an inquest.

26. Again, I have no objection to the Court directing that financial disclosure as demanded be provided by November 16, 2007, and with depositions to take place on November 26, and 28, 2007. If this does not occur for either party then either party may apply to the Court pursuant to CPLR section 3126 seeking an Order of this Court fashioning an appropriate remedy for either party's failure to obey the Order of this Court arising from this Motion, and for willfully failing to disclose information. If some of the difficulties continue to present themselves to the Defendant, her counsel, and expert in the production of certain documentary disclosure, then in all probability a Hearing would be appropriate to determine the willfulness of any failure on the part of the Defendant to provide the Court ordered disclosure.

### BIFURCATION OF GROUNDS ISSUE

27. I fully appreciate that in the telephone conference with the Court during the late afternoon of September 26, 2007, that the Court offered that it was not inclined to grant a request for bifurcation. However, with the Defendant having stated from the outset that she was contesting Plaintiff's grounds for divorce, and with the Court having advised that it would appear somewhat certain that this matter would not be reached for trial during the remainder of this year, and that thereafter this matter would be assigned to a different Justice of the Supreme Court, the Defendant is formally applying to this Court for a

bifurcation of the issue of grounds, or at least in the alternative reserving that application by the Defendant to be determined by the Justice who will ultimately be hearing and deciding this action. It goes without saying that if a divorce is not granted, that there would be no equitable distribution and no need for the extent and volume of financial disclosure that will be necessary in this matter.

## VENUE

28. Again, the Court has indicated that its current schedule will not permit the trial of any issues in this action before the end of the year, and that thereafter this action will be assigned to a different Judge. It would seem apparent therefore, that the trial of any issues in this matter would not take place until well after the first of the year. It is also entirely possible that the new Justice could require that proceedings in this matter be conducted in a location other than Madison County and in a location or locations somewhat distant therefrom and inconvenient to the parties, their counsel, and witnesses.

29. The marital residence of the Plaintiff and Defendant is in Rome, Oneida County, New York. In addition, they jointly own a second residence in Rome, New York, which they were completely renovating for the purpose of establishing their new marital residence in that county. The Defendant continues to reside in Oneida County.

30. Since it would appear that a speedy resolution of this matter is important to the Plaintiff, and since the Defendant continues to reside in Oneida County, and the parties jointly own real property in that county, and it is in many respects more convenient to the parties to have this matter in Oneida County, and since this matter will be transferred to a new Judge in any event at some time in the future, the Defendant is hereby requesting a

LAW OFFICES
CHT, BRENIZER
GINGOLD, P.C.

change of venue to the County of Oneida, New York, at this time so that the parties may proceed accordingly.

**WHEREFORE**, it is respectfully requested that the Plaintiff's Motion be denied, and that the Defendant's Cross Motion be in all respects granted, and for such other and further relief as to the Court may seem just and proper.

Dated:   October 4, 2007
         Syracuse, New York

                                          _____
                                          JON W. BRENIZER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MADISON

ARTHUR R. HALBRITTER,

        Plaintiff,

Index No. 06-1530
RJI No. 06-0443-C

-against-

**AFFIDAVIT OF DEFENDANT**

JANE R. HALBRITTER,

        Defendant.

STATE OF NEW YORK  )
COUNTY OF ONONDAGA)ss:

    JANE R. HALBRITTER, being duly sworn deposes and says as follows:

1. I am the Defendant in the above captioned Action for Divorce, and I am fully familiar with the facts and circumstances stated herein as well as in the Affirmation of my attorney, JON W. BRENIZER, ESQ., submitted herewith.

2. This Affidavit is being made in opposition to the Motion made on behalf of my husband, the Plaintiff, and in support of my Cross Motion, all as set forth in the Affirmation of my attorney.

3. I have thoroughly read and reviewed the Affirmation of my attorney, JON W. BRENIZER, ESQ., submitted in this matter, and I know the contents thereof to be true and accurate. I am respectfully requesting that the contents of my attorney's Affirmation be incorporated by reference in this, my Affidavit, as if fully set forth herein.

WHEREFORE, it is respectfully requested that my Cross Motion be granted in its entirety, and that the Plaintiff's Motion be denied.

LAW OFFICES
ACHT, BRENIZER
& GINGOLD, P.C.

_JANE R. HALBRITTER_

Sworn to before me this
4th day of October, 2007.

_____
Notary Public

JON W. BRENIZER
Notary Public, State of New York
No. 5004044
Registered in Onondaga County
My Commission Expires Nov. 9, 2010