EXHIBIT "H"



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MADISON

| | |
|---|---|
| ARTHUR R. HALBRITTER, | **ORDER TO SHOW CAUSE** |
| Plaintiff, | Honorable Dennis K. McDermott |
| -against- | Acting Supreme Court Judge |
| JANE R. HALBRITTER, | Index No.   06-1530 |
| Defendant. | RJI No.    06-0443-C |

Upon the Affidavit of Jon W. Brenizer, Esq., sworn to the 11th day of July, 2007, and upon all prior pleadings and proceedings heretofore had herein,

L E T the Plaintiff, Arthur R. Halbritter, show cause before this Court at a Motion Term thereof to be held before the Honorable Dennis K. McDermott, Acting Justice of the Supreme Court, Madison County Courthouse, Wampsville, New York, 13163, on the 3rd day of **August, 2007**, at **9:30 o'clock** in the forenoon of that day or as soon thereafter as counsel can be heard why an Order should not be made and entered as follows:

1. Directing the Plaintiff to immediately reactivate the security alarm system at the residence of the Defendant at 100 West Garden Street, Rome, New York 13440, and that he continue to pay the charges for same during the pendency of this proceeding and until the further Order of this Court, and

2. Directing that the Plaintiff immediately reinstate the Defendant's membership at the Teugega Golf Club in Rome, New York and that he pay the membership fees during the pendency of this proceeding and until the further Order of

LAW OFFICES
MACHT, BRENIZER
& GINGOLD, P.C.

this Court, and

3. That the Plaintiff immediately provide the Defendant with a health insurance and prescriptive drug card for the Plaintiff's health insurance plan under which the Defendant is covered, and

4. For such other and further relief as to the Court may seem just and proper.

**Sufficient Cause Appearing therefor, it is**

**ORDERED**, that the Plaintiff, Arthur R. Halbritter shall immediately reactivate the security alarm system at the Defendant's residence at 100 West Garden Street, Rome, New York and that he is hereby directed to pay all charges to maintain that security system until the further Order of this Court, and it is further

**ORDERED**, that the Plaintiff, Arthur R. Halbritter shall immediately renew the Defendant's membership at the Teugega Golf Club in Rome, New York and the Plaintiff is directed to pay the membership fees thereof until the further Order of this Court, and it is further

**ORDERED**, that the Plaintiff, Arthur R. Halbritter shall immediately provide the Defendant with an insurance and prescriptive drug card or cards for the health insurance plan under which the Defendant is presently covered.

**Sufficient Cause Appearing therefor,**

L E T service of a copy of this Order to Show Cause and supporting papers upon the office of the Plaintiff's attorney, Gerald H. Taylor, Esq., at 133 South Peterboro

Street, Canastota, New York, 13032, on or before the _____ day of July, 2007, be deemed good and sufficient service.

Dated: July _____, 2007
      Wampsville, New York

**E N T E R**

_____
Honorable Dennis K. McDermott
Acting Supreme Court Judge

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MADISON

| | |
|---|---|
| ARTHUR R. HALBRITTER,<br>          Plaintiff,<br>-against-<br><br>JANE R. HALBRITTER,<br>          Defendant. | **SUPPORTING AFFIDAVIT**<br><br>Index No.   06-1530<br>RJI No.     06-0443-C |

Jon W. Brenizer, Esq., being duly sworn deposes and says as follows:

1.    I am the attorney of record for the above-named Defendant, Jane R. Halbritter, and I make this Affidavit in support of the relief requested in this Order to Show Cause and Motion.

2.    I am making this Affidavit based upon my own personal knowledge and communications with the Plaintiff's attorney, Gerald H. Taylor, Esq., and so that the relief requested herein can be immediately brought before this Court.

3.    A Motion is already pending before this Court for certain interim matrimonial relief and is scheduled to be heard on August 3, 2007, at 9:30 in the forenoon of that day before the Honorable Dennis K. McDermott in Wampsville, New York. I am asking that this Motion be made returnable on the same date and at the same time. I am bringing this application before the Court by Order to Show Cause in my effort on behalf of the Defendant to obtain immediate relief.

### SECURITY ALARM SYSTEM:

4.    The Plaintiff and Defendant previously resided together at 100 West Garden Street, Rome, New York, and while they were residing together Mr. Halbritter

had an elaborate, complicated security alarm system installed at the residence. This alarm system was installed, maintained, and paid for through the Oneida Indian Nation and the Turning Stone Casino. It is serviced and responded to in the event of an alarm by the Turning Stone Casino police authorities.

5. On July 8, and on the early morning hours of July 9, 2007, the security system alarm was sounded, but there was never any response to the alarm by the Turning Stone police authorities. At approximately the same time power went out at the Defendant's residence and the combination of the security system alarm being sounded, the power going off at the residence, and there being no call or response of any nature by the Turning Stone police authorities all resulted in the Defendant becoming extremely fearful, anxious and frightened. Mrs. Halbritter feared for her own safety as well as for the fact that there is money and property of considerable value maintained in the home.

6. Mrs. Halbritter conveyed to me on Monday, July 9, 2007, that it was her fear and belief that her husband had discontinued the security system at the residence, all without any prior notice or warning to her.

7. Your deponent telephoned Mr. Halbritter's attorney, Gerald H. Taylor, Esq., and requested that if Mr. Halbritter had in fact discontinued the security alarm service that he reactivate same while this matter is pending and so that a formal application to the Court would not be necessary. Your deponent did not hear from Mr. Taylor and therefore called him again on Tuesday, July 10, only to be advised that Mr.

LAW OFFICES
MACHT, BRENIZER
& GINGOLD, P.C.

Halbritter had in fact discontinued the alarm service to Mrs. Halbritter's residence and would not reactivate it.

### HEALTH INSURANCE CARD:

8. Mrs. Halbritter is covered under her husband's health insurance plan through the Oneida Nation. While she has been provided with a faxed copy of an insurance card, she has not received an actual insurance card for health services and prescriptive drugs. During your deponent's telephone conversation with Mr. Taylor on July 10, I was advised that the person who could provide the insurance card was on vacation and that Mr. Taylor presumed that it would be provided when that individual returned to work at the Turning Stone. Since this application to the Court has already been made necessary I want to be certain that an appropriate health insurance card or cards are provided to Mrs. Halbritter and therefore ask for the Court's direction in that regard.

### GOLF CLUB MEMBERSHIP:

9. Mrs. Halbritter has been a member of the Teugega Golf Club in Rome, New York prior to her husband being a member. When Mr. Halbritter requested that he be included in the membership a family membership was established. Without any prior notice or warning to Mrs. Halbritter, Mr. Halbritter cancelled her membership. She has been humiliated that her membership was cancelled and she cannot play golf at the club.

10. The actions and conduct of Mr. Halbritter during the pendency of this

matrimonial proceeding in terminating the security alarm system and Mrs. Halbritter's golf membership without any prior notice or warning to Mrs. Halbritter is a clear indication of how Mr. Halbritter's intends to proceed in this matter acting unilaterally, arbitrarily and arrogantly in the manner in which he deals with his wife.

11. I simply remind the Court that it is Mr. Halbritter who is the Plaintiff and who commenced this action for divorce against his wife requiring that she defend same. For Mr. Halbritter to attempt to gain control and intimidate his wife by terminating her alarm system and golf membership while having access to four (4) golf courses to use at his pleasure and time for free, and with the Oneida Nation having installed the security for his use when convenient for him, all while earning tax-free income in excess of $3,000,000.00, per year is unconscionable.

12. Based upon all of the above I am asking the Court to grant an immediate Order directing the Plaintiff to reactivate and pay for the alarm system at the Defendant's residence, to renew and reactivate the Defendant's membership at the Teugega Golf Club in Rome, New York, and that he immediately provide her with appropriate health insurance card or cards, and for such other relief as to the Court may seem just and proper.

JON W. BRENIZER, ESQ.

Sworn to before me this
11th day of July, 2007

Judith Borthwick
Notary Public

JUDITH BORTHWICK
Notary Public, State Of New York
No. 01BO6000515
Qualified in Onondaga County
Commission Expires 12/15/20_07

LAW OFFICES
CHT, BRENIZER
GINGOLD, P.C.

Page 4 of 4