Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
Attorneys for Plaintiff

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             )
JANE A. HALBRITTER,                                          )
                                                             )
                         Plaintiff,                          )
                                                             )    07 Civ. 3848 (WHP)
         -- against --                                       )
                                                             )
STONEHEDGE ACQUISITION ROME II, LLC                          )
and STONEHEDGE ACQUISITION                                   )
CHITTENANGO II, LLC,                                         )
                                                             )
                         Defendants.                         )
                                                             )
-------------------------------------------------------------X

**SUR-REPLY AFFIDAVIT OF JANE R. HALBRITTER IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

STATE OF NEW YORK    )
                     )
COUNTY OF ONEIDA     ) SS.

Jane A. Halbritter, being duly sworn, deposes and says:

    1.    I am the plaintiff in this action. I make this sur-reply affirmation by leave of the Court and to address certain matters raised in defendants' reply papers.

    2.    First, I note that I am in Rome, New York at the moment because the depositions of myself and my husband in the divorce proceedings were taken this week. I am leaving Rome this afternoon to return to my home in Naples. I do not expect or intend to return to Rome until mid-March, when I have to spend three days up here for more depositions in the

divorce case. I will then immediately return to Naples and have no plans to be in Rome after that.

3. In their reply papers, defendants include an affirmation submitted by my matrimonial attorney, Mr. Brenizer, in the divorce proceeding stating that I am a New York resident and an affidavit by me confirming the substance of Mr. Brenizer's affirmation. My husband sued me for divorce in Madison County, New York in December 2006, and alleged, among other things, that I was a resident of New York. Everybody knows, and I acknowledged in my initial affidavit in opposition to this motion, that I stay in the West Garden Street house when I am in Rome. That was all I understood my admission to Ray's allegation about my "residence" to mean. Neither Mr. Brenizer nor anybody else ever suggested to me that by acknowledging a Rome, New York "residence" I would somehow be disclaiming that my primary residence or "domicile" was Florida. Such legalistic technicalities are, frankly, beyond my knowledge. My Naples home is the place I consider permanent home and the place to which, when I am absent, I intend to return – as I am, in fact, doing this afternoon. The West Garden Street house in Rome (although formerly my childhood home and my marital residence) is now simply where I stay when I must be in Rome, which lately has been a lot for the reasons I discussed in my initial affidavit in this matter. These are the facts and they are not inconsistent with each other, despite Mr. Grob's efforts to portray them as such.

4. There was never any question that, once Ray sued for divorce in New York state, I would have to defend those proceedings in New York. Our (ultimately unsuccessful) motion to change venue was made because Mr. Brenizer and I felt, for strategic reasons, that Oneida County was preferable to Madison County as the place to conduct those proceedings. It had nothing to do with the relative degree of time I spend in New York as

opposed to Florida.

5. In that regard, I annex as Exhibit 1 hereto a copy of a January 21, 2008 affirmation by Greg Miller, a process server for Vincent Rossi, Esq., the attorney for the plaintiff in the Staffworks case. It describes a June 14, 2006 telephone conversation with Sue Grande, then the administrator of the Rome nursing home, in which Mr. Miller inquired about how to serve me. Mr. Miller reports that Ms. Grande told him that "Jane's house was around the corner but she was never there and that Mark [Rossi] was still living locally." The house to which Ms. Grande referred was the West Garden Street house, which is on the grounds of the Rome nursing home and is plainly visible from it.

6. Mr. Grob incorrectly states that, in my initial affidavit, I claimed it was my intent to leave New York at "at around the time that her husband initiated divorce proceedings" (Grob Dec. at para. 9). That's wrong. I stated that I moved to Florida in February 2006. Ray did not commence divorce proceedings until December 10 of that year. (See my initial affidavit at paras. 8 and 24.)

7. Mr. Grob refers to the order I secured in the divorce case requiring my husband to reinstate the security system at the West Garden Street house, and argues that this somehow proves it is my primary residence. That's just nonsense. Just because it is not my primary dwelling does not mean I want it to be burglarized, vandalized or to burn down. Also, the security system in the house is a particularly complex one that was installed by law enforcement officers and technicians working for the Oneida Nation. I was concerned that having anyone other than Ray's people monitor it would require modifications to the system, which would be very costly. I did not want to sink that kind of money into a house that I intended (and continue to intend) to sell sooner rather than later. Also, going forward in the

divorce proceedings, I did not want Ray to think that he could unilaterally terminate services like that. For the same reason I insisted that he maintain my membership at the Tuegaga Golf Club, which as I stated in my initial affidavit, I have very rarely used in recent years.

8.   Mr. Grob's statement that I still have a valid New York State driver's license is completely false. I surrendered it to the Florida DMV when I applied for a Florida license, as they told me I had to do.

9.   With respect to my holdover service on the Board of Commissioners of the New York State Insurance Fund, it is now ended. I received a call last week from Robert Hurlbut, Chairman of the Board, informing me that Governor Spitzer had, as previously promised, named my replacement. Mr. Grob's statement that "Clearly, Plaintiff remained on the Board to benefit from the prestige and political clout of the office while divorcing her politically charged husband" (Grob Dec. at para. 3) is spurious. It is also quite insulting to the judge in our divorce case, in that it appears to imply that he would be swayed in favor of the party who had more "political clout". (Mr. Grob's statement does have the redeeming feature of being funny to anyone who knows anything about the NYSIF. The idea that a commissioner whose term has expired and who is holding over from a Republican administration would enjoy any "political clout" under the administration of a Democratic governor is laughable.)

10. Finally, the affidavit of Joseph Zupnick, which accuses me of improperly and intentionally redirecting the nursing home's mail to Florida, is an outlandish falsehood and he knows it. I used to regularly receive personal mail at the Rome facility. When I relocated to Florida, I asked the postal service how to get that mail (like mail addressed to the West Garden Street house) forwarded to my new address in Florida and the form attached to Mr. Zupnick's affidavit is what they gave me, and I filled it out in the manner the postal service personnel

instructed me to. It was never my purpose to cause the anything other than my personal mail to be redirected to me in Florida. Only a relatively few pieces of the facilities' mail was accidentally delivered to me, and I promptly returned them. This is a tiny fraction of mail that the nursing home regularly receives, which includes not only its business mail but the personal mail to 160 residents. Mr. Zupnick's affidavit is irrelevant except insofar as it is simply more proof that I permanently relocated to Florida in 2006.

                                                            Jane R. Halbritter

Sworn to before me this

14 day of Jan, 2008

ANN M. POHL
NOTARY PUBLIC, STATE OF NEW YORK
ONEIDA COUNTY; #01PO4954612
My Commission Expires Aug. 14, 20 09