

**Allegaert Berger & Vogel**

Writer's email: lcraco@abv.com

ATTORNEYS

111 Broadway, 18th Floor
New York, New York 10006
212.571.0550
212.571.0555 Fax

475 Wall Street
Princeton, New Jersey 08540
609.688.9700
609.688.9701 Fax

www.ABV.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/08

FEB 12 2008

February 11, 2008

BY HAND

The Hon. William H. Pauley, III
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

MEMO ENDORSED

Halbritter v. Stonehedge Acquisition Rome II, LLC, 07 Civ. 3848 (WHP)

Dear Judge Pauley:

We are counsel to plaintiff. We write to address two issues. First, plaintiff intends to move for leave to amend the complaint in this action, and we write to request a conference to discuss that motion. Second, plaintiff requests an opportunity address certain factual assertions and arguments defendants have raised for the first time in their reply papers on their motion to dismiss the complaint for lack of subject matter jurisdiction.

1. **The proposed motion for leave to amend**

Your Honor will recall that this case arises from the sale, by plaintiff and her brother, of the stock of four corporations that operated two upstate nursing homes. The current complaint names as defendants the two companies that are identified by the Stock Purchase Agreements as the "Buyers" of the stock – Stonehedge Acquisition Rome II, LLC and Stonehedge Acquisition Chittenango II, LLC. Plaintiff asserts four causes of action: (i) breach of the Stock Purchase Agreements, arising from defendants' failure to honor the terms of a contractually specified closing adjustment to the purchase price relating to the value of the Acquired Corporations' accounts receivable; (ii) alternatively, breach of a "Receivables Agreement" which defendants effectively forced upon the Sellers in lieu of the receivables adjustment required by the Stock Purchase Agreement; (iii) unjust enrichment; and (iv) an accounting.

The proposed amended complaint would add, as defendants to the existing claims,

**Allegaert Berger & Vogel LLP**

The Hon. William H. Pauley, III
January 11, 2008
Page 2

Stonehedge Acquisition Rome I, LLC, Stonehedge Acquisition Chittenango I, LLC, 801 North James Street, LLC, 331 Russell Street, LLC, Joseph Kazarnovsky, Joseph Zupnick, Samuel Kazarnovsky and Barry Adler.

Stonehedge Acquisition Rome I, LLC and the above-named individuals all executed the Stock Purchase Agreements as "Buyer Affiliates". § 6.2 of the Rome Stock Purchase Agreement provides:

> 6.2 **Authority and Binding Effect.** The Buyer and Each Buyer Affiliate has taken all actions necessary to approve and implement the execution and delivery of this Agreement, and each of the Buyers' Transaction Documents to be executed by or on behalf of the Buyer and Stonehedge Acquisition Rome I, LLC[1], and the performance of the transactions contemplated hereby and thereby. The Buyer and each Buyer Affiliate has full power and authority to enter into, consummate and perform the Buyer's Transaction Documents and to carry out all of the terms and provisions hereof and thereof. Each of the Buyer's Transaction Documents to be executed by or on behalf of the Buyer or any Buyer Affiliate is a valid and binding obligation of the Buyer and such Buyer Affiliate, enforceable against the Buyer and such Buyer Affiliate in accordance with its terms. Except as provided herein, no consents of any third party are required for the Buyer or any Buyer Affiliate to consummate the transactions contemplated hereby or to execute and deliver any document to be executed and delivered by the Buyer or any Buyer Affiliate hereunder.

Accordingly, under the plain language of the agreement, obligations of the Buyers are binding on and enforceable against each Buyer Affiliate. Additionally, documents produced in discovery indicate that the Buyers assigned the acquired stock, and their obligations under the Rome and Chittenango Stock Purchase Agreements, to 801 North James Street LLC and 331 Russell Street LLC respectively. All the Stonehedge Acquisition entities, as well 801 North James Street LLC and 331 Russell Street LLC, are apparently owned by exclusively by one or more of the proposed individual defendants (although exactly who owns what remains unclear). Little attention appears to have been paid to corporate formalities and we believe the evidence will show that all these individuals and entities are properly regarded, for purposes of the transactions at issue, as

---

[1] Substantially identical language appears in the Chittenango Stock Purchase Agreement, to which Stonehedge Acquisition Chittenango I, LLC is a "Buyer Affiliate".

**Allegaert Berger & Vogel LLP**

The Hon. William H. Pauley, III
January 11, 2008
Page 3

alter egos of each other.

We will also seek leave to assert new claims, including one for fraud, against Joseph Zupnick and certain of the aforementioned entities, based on Mr. Zupnick's doctoring of certain financial records of the institutions, after the sale, to conceal from plaintiff a Worker's Compensation refund defendants had received from the State, which pertained to the period of plaintiff's ownership and which the Stock Purchase Agreements required defendants to remit to the Sellers.

The proposed amended complaint would not require any additional discovery and would not bring into the litigation anyone who is not already an interested party.

2. <u>Plaintiff should have an opportunity to respond to the contentions newly raised in defendants' reply papers.</u>

Defendants have submitted a number of new documents and advanced a number of factual arguments in their reply papers on their motion to dismiss for lack of subject matter jurisdiction[2]. These should have been submitted in defendants' initial papers so that plaintiff could have addressed them in the opposition papers. We request an opportunity to respond to them now.

Among the materials defendants have submitted are October 2007 submissions by Mrs. Halbritter and her matrimonial counsel to the New York court presiding over her divorce case, identifying Rome, New York as her "residence". I was previously unaware of these documents, but they add little to defendants' argument concerning domicile, because we have already candidly acknowledged that Mrs. Halbritter has identified 100 West Garden Street, Rome, New York, as her present address in the divorce proceedings. Indeed, we produced to defendants the April 2007 Net Worth Statement that alerted them to that fact, and so their insinuation that we have sought to conceal it from them or this Court is unfounded. As cases defendants cite demonstrate, Mrs. Halbritter's identification of Rome, New York as her "residence" in the New York divorce proceedings does not judicially estop her from

---

[2] In addition to their reply memorandum, defendants' reply papers include a twelve-page, argumentative declaration by Joseph Grob, Esq., one of defendants' lawyers. This declaration is an improper effort to circumvent the ten-page limit on reply memoranda contained in your Honor's individual rules.

**Allegaert Berger & Vogel LLP**

The Hon. William H. Pauley, III
January 11, 2008
Page 4

demonstrating in this action that Florida has been her "domicile" since before this action was commenced. As authorities cited in our opposition brief hold, the inquiry turns on Mrs. Halbritter's intent. She continues to affirm that, since early 2006, she has regarded Florida as her home, and the place to which she intends permanently to return.

The motion to dismiss is on for oral argument on February 15. If the Court believes it would be useful, we would be pleased to have Mrs. Halbritter appear personally for a hearing on this question, so that your Honor can assess her credibility. Alternatively, we request the opportunity to submit a brief sur-reply affidavit, so that she can respond to the matters defendants have raised for the first time on reply.

Respectfully,

Louis A. Craco, Jr.

cc (by hand): Robert Rimberg, Esq.

Application Granted. The Court will hold a conference on February 22, 2008 at 10:30 a.m. to discuss discovery issues and any motion to amend. Plaintiff shall file and serve any sur-reply by

SO ORDERED: February 19, 2008.

WILLIAM H. PAULEY III U.S.D.J.