Allegaert Berger & Vogel LLP
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           )
JANE A. HALBRITTER,                                        )
                                                           )
                    Plaintiff,                             )
                                                           )   07 Civ. 3848 (WHP)
          -- against --                                    )
                                                           )
STONEHEDGE ACQUISITION ROME II, LLC                        )
and STONEHEDGE ACQUISITION                                 )
CHITTENANGO II, LLC,                                       )
                                                           )
                    Defendants.                            )
                                                           )
-----------------------------------------------------------X

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN
FURTHER OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

ALLEGAERT BERGER & VOGEL LLP
Louis A. Craco, Jr. (LC-9786)
Attorneys for Plaintiff
111 Broadway, 20th Floor
New York, New York 10007
Telephone:   (212) 616-7055
Facsimile:   (212) 571-0555
E-mail:      lcraco@abv.com

<u>Plaintiff's Sur-reply Memorandum of Law</u>

Defendants' reply papers include October 2007 statements by Halbritter and her divorce lawyer, submitted to Supreme Court, Madison County, in which plaintiff admits that she is a "resident" of Rome, New York. Plaintiff also previously admitted, in her April 24, 2007 answer to her husband's complaint in the divorce action, that she "resides" in Rome, New York. Defendants argue these admissions undercut plaintiff's claim in this action that she is a Florida domiciliary. Defendants go so far as to call plaintiff's assertion of Florida domicile "potentially perjurious" and "a web of lies".

Defendants' hyperbolic argument collapses upon scrutiny because it is founded on the faulty assumption that having a New York "residence" is inconsistent with having a Florida "domicile". That is just not so.

"Domicile" and "residence" are <u>not</u> the same thing. <u>Wittich v. Wittich</u>, 210 A.D.2d 138 (1st Dep't 1994) ) ("residency and domicile are not interchangeable"). As defendants admit, at any given time, one may have multiple residences but can have only one domicile. <u>See</u> Defendant's Initial Brief at p. 1, <u>citing</u> <u>Mississippi Band of Choctaw Indians v. Holyfied</u>, 490 U.S. 30, 47-49 (1989) ("'[d]omicile is not necessarily synonymous with 'residence'. . . .and one can reside in one place and be domiciled in another").

"Domicile is 'the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" <u>Palazzo v. Corio</u>, 232 F.3d 38, 42 (2nd Cir. 2000). "Domicile ordinarily requires that 'there must be a physical presence and the requisite intention to make the locality one's fixed and permanent home.'" <u>Kramer v. Paronen</u>, 831 N.Y.S.2d 353 (Sup. Ct. N.Y. Co. 2006) (<u>internal citation</u>

1

omitted). Plaintiff has previously supplied an abundance of evidence to this Court demonstrating that, from early 2006 through the date this case was brought, Florida was the place she spent most of her time and that she intended it to be her fixed and permanent home.

The test for "residence" is considerably less stringent. "The literal definition of 'residence' requires only bodily presence as an inhabitant of a place." Sharma v. Sharma, 824 N.Y.S.2d 766 (Sup. Ct. Rockland Co. 2006) . Section 230 of the Domestic Relations Law conditions the maintenance of a divorce action in New York court on, among other things, the "residence" in the State of both parties at the time of the commencement of the action or upon either resident having continuously "resided" in the State for specified periods before commencement. While a showing of domicile in the state for the required time can satisfy § 230, it is not necessary. A lesser showing of "residence" will do. "As a general rule, proof of dwelling continuously within New York for the prescribed duration is a less stringent test to satisfy than proof of being a continuous domiciliary of this state for the requisite period because the latter requires evidence establishing the additional element of an intention to make this State one's permanent home." Unanue v. Unanue, 141 A.D.2d 31 (2nd Dep't 1988). "It is clear that 'residence' is not generally synonymous with 'domicile' . . . . and that is not necessary to show an intent to make a place a permanent home in order to establish residence", Mandelbaum v. Mandelbaum, 151 A.D.2d 727 (2nd Dep't 1989) citing Unanue.

As the record before this Court shows, at the time she commenced this case, plaintiff had three residences: a condo in Naples, Florida (where she spent by far the greatest part of her time); an apartment in Cambridge, Massachusetts (where she often stayed when she was in the northeast); and the house in Rome, New York (from which she had moved in early

2

2006 and where she thereafter stayed occasionally when visiting family or attending to family businesses in the area). Her admission in the divorce proceedings that the last of these was a "residence" is in no way consistent with her contention in this case that the first is her "domicile". Mr. Halbritter's divorce complaint makes no allegation as to plaintiff's domicile, or any allegation from which could be inferred any "intention to make this State [her] permanent home."

Unable to dispute plaintiff's evidence that she spent the great majority of her time in Florida in the year prior to commencing this case, defendants attempt to stand logic on its head by arguing that this evidence demonstrates her intention to be domiciled in New York:

> Clearly, Plaintiff's claim to be a resident for DRL purposes cannot be premised on the continuous prong of the DRL standard. Therefore, Plaintiff's only basis to claim New York residency in the matrimonial proceeding must be based on her intended domicile; to wit, Plaintiff's intention is to remain in New York.

(See Def. Reply Mem. at 8). This argument is specious because Halbritter is making no "claim" to be a resident "for DRL purposes". She has simply admitted an allegation, made by Mr. Halbritter, that she is "resides" in New York. It must be borne in mind that Mr. Halbritter commenced the divorce action and the burden of pleading compliance with the residency requirements of DRL § 230 is upon him. Nonetheless, his complaint contains no allegation that plaintiff had resided in New York for any period of time at all before he brought the divorce case. Mr. Halbritter instead attempts to satisfy the DRL's "residence" requirements, not by contending that she had a "continuous" residence in the state for the statutorily prescribed periods, but rather by alleging that both he and she "resided" there on the date the divorce proceeding was brought (see DRL § 230(4)) and, alternatively, by alleging his own continuous residency in the state for

3

two years prior to the commencement of the divorce action (see DRL § 230(1), (2), (3) and (5)). In sum, Mr. Halbritter had not made, and therefore plaintiff cannot have admitted, that she resided "continuously" in New York for any period of time before those proceedings were initiated, let alone that it was her domicile.

Respectfully submitted,

By: _____
Louis A. Craco, Jr. (LC-9786)

ALLEGAERT BERGER & VOGEL LLP

Attorneys for Plaintiff
111 Broadway, 20th Floor
New York, New York 10007
Telephone: (212) 616-7055
Facsimile: (212) 571-0555
E-mail: lcraco@abv.com
