UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JANE A. HALBRITTER,                            :

                    Plaintiff,      :    07 Civ. 3848 (WHP)

        -against-                             :    MEMORANDUM AND ORDER

STONEHEDGE ACQUISITION ROME II,     :
LLC and STONEHEDGE ACQUISITION
CHITTENANGO II, LLC,                          :

                 Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Jane Halbritter ("Halbritter") brings this action against Defendants Stonehedge Acquisition Rome II, LLC and Stonehedge Acquisition Chittenango II, LLC for breach of contract, unjust enrichment, and an accounting. Defendants move to dismiss for lack of subject matter jurisdiction. For the following reasons, Defendants' motion is granted.

## BACKGROUND

        For the purposes of this motion, the following facts are undisputed. Halbritter brought this action in May 2007, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Halbritter moved from Rome, New York to Naples, Florida in February 2006, after she and her husband separated. (Declaration of Jane Halbritter dated Jan. 17, 2008 ("Halbritter Decl.") ¶¶ 7, 9.) She spent $400,000 renovating a condominium in Naples that she and her husband owned, and which she intended to make her home. (Halbritter Decl. ¶¶ 7-8.) She notified the United States Postal Service of her change of address on April 4, 2006. (Halbritter Decl. ¶ 11, Ex. 2: Change of Address Confirmation.) Between March 2006 and May 2007, she had several doctors

appointments in Naples. (Halbritter Decl. ¶ 20, Ex. 8: Summary of billings by Dr. James A. Hakikas.) Halbritter also received correspondence from her auto insurance, banks, attorneys, and accountants at her Naples address. (Halbritter Decl. ¶ 21, Exs. 12-19: Various statements addressed to Halbritter in Naples, Florida.) She retained her New York accountants, bankers, and attorneys. (Halbritter Decl. ¶ 40.) Prior to the commencement of this action, Halbritter printed business cards with her Florida address and a Massachusetts address. (Halbritter Decl. ¶ 22, Ex. 21: Business card.) Halbritter also listed the Naples address on her 2006 federal and state tax returns, including a request for an extension of time to file a New York state tax return. (Halbritter Decl. ¶ 21; Ex. 1: Halbritter's 2006 tax forms.)

At the time she commenced this action, Halbritter was not registered to vote in Florida. (Halbritter Decl. ¶ 23, Ex. 22: Voter registration card.) She also did not have a Florida driver's license at that time. (Halbritter Decl. ¶¶ 23, 36, Ex. 22: Driver's license.) Halbritter owns or leases four automobiles, which, as of December 5, 2007, remained registered in New York. (Declaration of Joel S. Schneck ("Schneck Decl." Ex. I: Driving Record Report dated Dec. 5, 2007; Halbritter Decl. ¶ 37.)

Halbritter owns interests in several New York properties and entities. (Halbritter Decl. ¶¶ 26-26, 39.) When in New York, Halbritter stays at a residence in Rome, New York, for which she pays the taxes and utilities. (Halbritter Decl. ¶ 33; Deposition of Jane Halbritter dated Dec. 20, 2007 at 73-77.) Between March 2006 and May 2007, Halbritter spent forty-one weeks in Florida and eleven weeks in New York. (Halbritter Decl. ¶¶ 16-19, Ex. 5: Credit Card Statements for March 2006 through May 2007.)

In filings in New York State Supreme Court in April and October 2007 relating to her divorce proceeding, Halbritter identified Rome, New York as her residence. (Verified

2

Answer, Halbritter v. Halbritter, Index No. 06-1530; Schneck Decl. Ex. P: Statement of Net Worth; Declaration of Joseph A. Grob dated Jan. 28, 2008 ("Grob Decl.") Ex. G: Notice of Cross-Motion dated Oct. 4, 2007 and Affidavit in Opposition to Plaintiff's Motion and in Support of Defendant's Motion dated Oct. 4, 2007.)

Then Governor George E. Pataki appointed Halbritter to the Board of Commissioners of the New York State Insurance Fund (the "Board of Commissioners"). (Halbritter Decl. ¶ 41.) Although Halbritter's term expired on December 31, 2006, she continued to serve as a holdover Commissioner and attended Board meetings in New York City on February 21, June 20, July 18, and September 19, 2007, participated by phone in the March 21, 2007 meeting. At each of those meetings, she voted as a Commissioner of the Board. (Grob Decl. Ex. C: Minutes of Meetings of the Commissioners of the State Insurance Fund.) By law, Commissioners must have their domicile in New York. See N.Y. Pub. Off. Law § 30(1)(d).

## DISCUSSION

I. Legal Standard

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "a court must accept as true all material factual allegations in the complaint." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). It is the plaintiff's responsibility to affirmatively establish subject matter jurisdiction. Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). A party's citizenship for purposes of diversity jurisdiction is a mixed question of fact and law, which is properly resolved by the district court. Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 41-42 (2d Cir. 2000). Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 243 n.2 (2d Cir. 1984) ("The question of jurisdiction need not be submitted to a

jury."). Corio, 232 F.3d at 42. The determination can be made based on affidavits and other supporting materials. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).

II. Domicile

The plaintiff bears the burden of establishing that diversity jurisdiction existed at the time the action was commenced. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). For purposes of diversity jurisdiction, citizenship is based upon domicile. Linardos, 157 F.3d at 948. "Domicile is the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." Linardos, 157 F.3d at 948. Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47-49 (1989). "A party alleging that there has been a change of domicile has the burden of proving . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality . . . ." Corio, 232 F.3d at 42 (internal quotations marks and citations omitted). Events after the date of initiation of the lawsuit may not be considered in evaluating domicile. Gold v. Katz, No. 90 Civ. 7726 (RLC), 1991 WL 237807, at *4 n.1 (S.D.N.Y. Nov. 4, 1991). A "party alleging a change of domicile faces a contrary presumption and must establish the change by clearing and convincing evidence." Kleiner v. Blum, No. 03 Civ. 3946 (NRB), 2003 WL 22241210, at * 1 (S.D.N.Y. Sept. 20, 2003); Bank of India v. Subramanian, No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *5 (S.D.N.Y. May 15, 2007); see also Gold, 1991 WL 237807, at *3.

"Factors frequently taken into account [in determining domicile] include current residence, voting registration, driver's license and automobile registration, location of brokerage

and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." Bank of India, 2007 WL 1424668, at *3. Courts also consider "whether a person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears) . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc." Nat'l Artists Mgmt. Co., Inc. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). No single factor is determinative, and courts must consider the "totality of the evidence." Weaving, 769 F. Supp. at 1228.

Several factors suggest that Halbritter did not have the requisite intent to change her domicile at the time she brought this action. First, she was not registered to vote in Florida and had a New York driver's license and all her automobiles registered in New York. See Gold, 1991 WL 237807, at *4 n.1. Second, Halbritter continued to serve on the Board of Commissioners, a position that legally requires domicile in New York. See N.Y. Pub. Off. Law § 30(1)(d); see also Hosley v. Curry, 649 N.E. 2d 1176, 1178 (N.Y. 1995) (the terms "resident" and "inhabitant" in N.Y. Pub. Off. Law § 30 are synonymous with domicile). Third, she filed a 2006 New York State tax return and there is no evidence in the record that she filed a 2006 Florida tax return. Fourth, she continued to use the services of New York-based accountants, lawyers, and bankers. See Durst v. Siegler, No. 04 Civ. 6981, 2005 WL 3358599, at *7 (S.D.N.Y. Dec. 7, 2005) (New York accountants, attorneys, and bank and investment accounts indicate a New York domicile). Finally, she maintained a home in Rome, New York.[1]

---

[1] Halbritter's admissions of residence in New York in her divorce proceedings before the New York Supreme Court do not estop her from arguing before this court that she is a Florida domiciliary. See Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000) (defendants' arguments regarding jurisdiction in an unrelated case did not preclude them from arguing that diversity jurisdiction was absent in a later case).

5

On the other hand, several factors suggest that Halbritter intended to change her domicile to Florida. First, Halbritter spent $400,000 renovating her residence in Naples. See Bank of India, 2007 WL 1424668, at *3; Durst, 2005 WL 3358599, at *7. She also changed her address with the United States Postal Service and listed the Florida address on her tax forms. Finally, she also spent the majority of her time in the fourteen months prior to filing this action in Naples, Florida and saw several doctors there. See Durst, 2005 WL 3358599, at *7.

Because there is conflicting evidence supporting domicile in New York and Florida, Halbritter has not provided clear and convincing evidence that she changed her domicile from New York to Florida. Thus, her presumptive domicile is New York. See Bank of India, 2007 WL 1424668, at *5; see also Kleiner, 2003 WL 22241210, at *1-2; Gold, 1991 WL 237807, at *3; Finkelstein v. Wachtel, No. 00 Civ. 2672 (JSM), 2003 WL 1918309, at *3 (S.D.N.Y. Apr. 21, 2003) (plaintiff had not changed his domicile to New York even though plaintiff had "substantial New York contacts"). Since the basis for jurisdiction in this case is diversity and Defendants are New York corporations, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of the Court shall terminate all motions pending as of April 2, 2008 and close the case.

Dated: April 2, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Louis A. Craco, Esq.
Allegaert, Berger & Vogel, L.L.P.
111 Broadway
18th Floor
New York, NY 10006
*Counsel for Plaintiff*

Julie Grow Denton, Esq.
M. Stuart Goldberg, LLC
81 Main Street
White Plains, NY 10601
*Counsel for Defendants*

Robert L. Rimberg, Esq.
Goldberg Rimberg & Friedlander, PLLC
115 Broadway, 3rd Fl
New York, NY 10006
*Counsel for Defendants*